UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MANHUA MANDY LIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-CV-3612 |
| | : | |
| ROHM AND HAAS COMPANY, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S PARTIAL MOTION TO DISMISS</u>

RAYMOND A. KRESGE
MELANIE MECKA KENNEDY
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500
    and
CELIA JOSEPH
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2399
(215) 592-3661

Attorneys for Defendant

KRLSPHI:178192.1

TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................... 1

II. STATEMENT OF COMPLAINT ALLEGATIONS ............................. 3

III. ARGUMENT ........................................................ 4

    A. Plaintiff Fails To State A Claim For Defamation, And Count VI Should Be Dismissed ....................................................... 4

    B. Plaintiff Fails To State A Claim For Invasion Of Privacy/ False Light, And Count VII Should Be Dismissed ..................................... 6

    C. As A Matter Of Law, Plaintiff Is Not Entitled To Punitive Damages Or A Jury Trial Under The PHRA ........................................ 8

    D. As A Matter Of Law, Plaintiff Is Not Entitled To Attorneys' Fees On Her State Law Tort Claims ............................................. 9

    E. Plaintiff's References To The Fourteenth Amendment Should Be Stricken Because Defendant Is Not A Public Sector Employer ..................... 9

IV. CONCLUSION ..................................................... 10

I.   INTRODUCTION

Plaintiff Dr. Manhua Mandy Lin ("Lin") is a former employee of defendant Rohm and Haas Company ("Rohm and Haas"), who resigned in November 1999.  In her nine-count Amended Complaint, plaintiff asserts the following claims: (1) unlawful discrimination in violation of 42 U.S.C. § 1981 and the Fourteenth Amendment to the United States Constitution (Count I); (2) two counts of unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) (Counts II and IV); (3) two counts of unlawful retaliation in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955(d) ("PHRA") (Counts III and V); (4) defamation (Count VI); (5) invasion of privacy/false light (Count VII); (6) intentional infliction of emotional distress (Count VIII); and (7) breach of contract (Count IX).  In her Amended Complaint, plaintiff makes a general demand for a jury trial, seeks punitive damages in Counts III and V, and seeks attorneys' fees in the state law tort claims of Counts VI, VII and VIII.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant now moves to dismiss the claim for defamation (Count VI), the claim for invasion of privacy/false light (Count VII), the demand for a jury trial and punitive damages under the PHRA claims (Counts III and IV), and the demand for attorneys' fees under the state law tort claims presented in Counts VI, VII and VIII.  Pursuant to Rules 12(b) and 12(f), defendant also moves to strike all references to the Fourteenth Amendment of the Constitution in Count I.  As demonstrated herein, the Motion should be granted for the following reasons:

1.Plaintiff fails to state a claim for defamation in Count VI of the Amended Complaint, as plaintiff fails to identify any statement published that is capable of having a defamatory character as a matter of law.

2. Plaintiff fails to state a claim for invasion of privacy/false light in Count VII of the Amended Complaint, as the complained-of conduct of defendant in filing patent applications with joint inventors or with plaintiff's name listed near the bottom of an inventor list cannot, as a matter of law, satisfy the elements of false light or of being highly offensive to a reasonable person.

3. As a matter of law, plaintiff is not entitled to an award of punitive damages or to a jury trial under the PHRA, and the Court should therefore dismiss plaintiff's demand for punitive damages and for a jury trial in Counts III and V of the Amended Complaint.

4. As a matter of law, plaintiff is not entitled to attorneys' fees on her state law tort claims. Accordingly, the Court should dismiss all of plaintiff's demands for attorneys' fees in Counts VI, VII, and VIII of the Amended Complaint.

5. Rohm and Haas is not a public employer, and therefore, as a matter of law, is not subject to claims under the Fourteenth Amendment of the United States Constitution. Accordingly, the Court should strike all references to the Fourteenth Amendment in Count I of the Amended Complaint.

For any and all of the reasons presented herein, the Court should grant defendant's partial motion to dismiss.

II.   STATEMENT OF COMPLAINT ALLEGATIONS[1]

Plaintiff, who is a female of Chinese origin, was hired by Rohm and Haas on January 3, 1989 as a Senior Scientist. (Amended Complaint ¶¶7, 8). Rohm and Haas is a corporation incorporated in Delaware and with a principal place of business in Philadelphia, Pennsylvania. (Id. ¶ 2). From February 1995 until her resignation in 1999, plaintiff worked in the New Routes Team of the Monomers Research Department and was involved in inventing preparation processes for high yield catalysts for the catalytic synthesis of acrylic acid from propane. (Id. ¶¶8, 9). In January 1999, plaintiff filed a charge of discrimination against Rohm and Haas with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was subjected to discrimination and retaliation on the basis of her race, gender and national origin. (Id. ¶¶13). The parties agreed to settle that charge and entered into a Settlement Agreement. (Id. ¶¶14, 15). As part of that settlement, plaintiff resigned from Rohm and Haas as of November 1999. (Id. ¶16).

Since plaintiff's resignation, Rohm and Haas has filed one or more patent applications for inventions for which plaintiff was the inventor, and the patent application(s), as drafted and filed by Rohm and Haas, added the names of multiple people as co-inventors of her invention who did not contribute to the concepts of plaintiff's inventions. (Id. ¶¶116, 126). As the inventor, plaintiff's name should have been given primacy on the patent application. (Id. ¶¶117, 127). Rohm and Haas listed plaintiff's name in the patent application at or near the bottom of a list of joint inventors solely for the purpose of denigrating her scientific achievement

---

[1] While defendant denies many of the factual allegations of the Amended Complaint as well as all allegations of liability, the factual allegations of the Amended Complaint are assumed to be true for purposes of this motion only.

and to deprive her of credit for sole inventorship, and it filed the applications for her inventions in combination with derivative concepts so as to obscure her identification as the sole or primary inventor of the core invention. (Id. ¶¶118-119, 128-129). This conduct was intended to and did disparage plaintiff's reputation in the scientific community and with potential future employers. (Id. ¶¶120, 130). Members of the scientific community who will review the published patent application will believe that the inventions are not the inventions of plaintiff. (Id. ¶¶121, 131). Rohm and Haas has otherwise published "defamatory remarks and statements" about plaintiff. (Id. ¶122).

In the Amended Complaint, plaintiff has a global jury trial demand; requests punitive damages under Counts III and V, which are both brought under the PHRA; and requests attorneys' fees in each of her state law tort claims for defamation (Count VI), invasion of privacy/false light (Count VII), and intentional infliction of emotional distress (Count VIII).

III.  ARGUMENT

    A.  Plaintiff Fails To State A Claim For Defamation, And Count VI Should Be Dismissed.

The elements of a claim for defamation include, among other things, the defamatory character of the communication and the understanding by the recipient of a defamatory meaning. 42 Pa. C.S.A. §8343(a). It is for the Court to determine, in the first instance, whether the communication at issue is capable of having a defamatory character. Momah v. Albert Einstein Medical Center, 978 F. Supp. 621, 634 (E.D. Pa. 1997), aff'd 229 F.3d 1138 (3d Cir. 2000). A statement has a defamatory character if it harms the reputation of the plaintiff as to lower her in estimation of the community or to deter others from associating or dealing with her. Id.

In her Amended Complaint, plaintiff claims that certain unidentified patent application(s) filed by Rohm and Haas defamed her by not listing her first on the inventor list and by including other concepts into the application(s) so as to generate co-inventors.[2] As a matter of law, such communication is not capable of a defamatory character. The order in which plaintiff appears on an inventor list in a patent application or the inclusion of other concepts/joint inventors on the patent application does not harm plaintiff's reputation, does not lower plaintiff in the estimation of the community, and does not deter others from associating with her. Indeed, in Section 605.04(f) of the Manual of Patent Examining Procedure (E8, August 2001), which is the manual that must be followed in all U.S. patent applications, it is expressly stated that "the particular order in which the names appear is of no consequence insofar as the legal rights of the joint applicants are concerned." Plaintiff, therefore, has no basis for claiming that the alleged structure of unidentified patent application(s) (in which she was named as an inventor but not in the order or manner she would have preferred) has a defamatory character or would be understood by the scientific community (or any community) as being defamatory. Consequently, the Court should dismiss Count VI of the Amended Complaint.[3]

---

[2] The EP 253 patent application referenced elsewhere in the Amended Complaint could not be the subject of the defamation claim since plaintiff was listed first on the inventor list in that patent application and only one other scientist, who clearly had contributions to the invention, was listed as a joint inventor.

[3] Plaintiff's defamation claim also fails because her reference to an unidentified patent application(s) and her general allegation that defendant has "otherwise published defamatory remarks and statements" (¶122) do not set forth a communication capable of defamatory meaning, do not provide the Court with any basis on which to assess defamatory character, and do not give defendant notice of any claimed defamatory communication. Those non-specific broad allegations, in short, are deficient in stating a claim for defamation. See, e.g., Menkowitz v. Pottstown Memorial Medical Center, 1999 WL 410362 at *4 (E.D. Pa. 1999) (motion to dismiss defamation claim granted when the complaint failed to set forth sufficiently the

(continued...)

B.  Plaintiff Fails To State A Claim For Invasion Of Privacy/ False Light, And Count VII Should Be Dismissed.

The elements for a false light invasion of privacy claim are as follows:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if:
>
> > (A) the *false* light in which the other was placed would be *highly offensive to a reasonable person* and
> >
> > (B) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

See Curran v. Children's Service Center of Wyoming County, Inc., 396 Pa. Super. 29, 38-39, 578 A.2d 8, 12 (1990) (citing Restatement (Second) of Torts § 652E) (emphasis added). Moreover, the false light theory:

> applies only when the publicity given to the plaintiff has placed him in a false light before the public, of a kind that would be highly offensive to a reasonable person. In other words, it applies only when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity ... It is only when there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position.

Curran, supra, (citing Restatement (Second) of Torts § 652E comment c). Further, a publication under a false light claim must cause mental suffering, shame or humiliation to a person of ordinary sensibilities. Neish v. Beaver Newspapers, Inc, 398 Pa. Super. 588, 597, 581 A.2d 619, 625 (1990).

---

[3](...continued)
substance of the alleged defamatory statements).

In her Amended Complaint, plaintiff presents the same factual allegations for her false light claim as underlied her defamation claim -- namely, plaintiff was not listed first on the inventor list on some unidentified patent application(s) and other concepts were added to the application so as to obscure plaintiff's role. Plaintiff then alleges that members of the scientific community will, by virtue of the presentation of the unidentified patent application(s), believe that the inventions are not plaintiff's inventions. Plaintiff's allegations do not support a claim for a false light invasion of privacy, as the alleged presentation of a patent application does not present any "false light" or anything of a kind that would be "highly offensive to a reasonable person."

There is no basis for plaintiff's assumption of a "false light." As shown above, the Manual of Patent Examining Procedure makes it clear that there is no consequence to the order in which inventors' names appear on a patent application, and therefore, there can be no false light drawn from the order of plaintiff's appearance on the application. In addition, plaintiff acknowledges in her Amended Complaint that she was listed as an inventor on the patent application, which means that there is no basis for her conclusion that others will not believe her to have been an inventor. Plaintiff cannot proceed with a false light claim based on her own speculation as to false conclusions that will be drawn as to her role as an inventor -- particularly when there is no basis for the speculation. See, e.g., Marley v. Board of Pensions of the Presbyterian Church, 33 Phila. 340, 354, 1997 WL 1433735 (Phila. C. Rptr. 1997) (dismissing false light claim where plaintiff attempted to fashion her claim on her personal belief about the false conclusions that third parties could draw from the manner in which she was terminated), aff'd 706 A.2d 1264 (Pa. Super. 1997).

Assuming, <u>arguendo</u>, that plaintiff has alleged a false light, the false light is not "highly offensive" to a reasonable person. As a matter of law, the order of plaintiff's appearance on the inventor list or the inclusion of other concepts presented in the application is not highly offensive to a reasonable person. The alleged presentation of a patent application does not constitute any misrepresentation (let alone the required major misrepresentation) of plaintiff's character, history, activities or beliefs, and no serious offense may be reasonably taken to the alleged presentation of the patent application. Thus, plaintiff fails to state a claim for false light invasion of privacy.[4]

        C.      <u>As A Matter Of Law, Plaintiff Is Not Entitled To Punitive Damages Or A Jury Trial Under The PHRA.</u>

Plaintiff seeks punitive damages for her claims of unlawful retaliation under the PHRA in Counts III and V of the Amended Complaint. Under Pennsylvania law, punitive damages are not expressly available where a statute, such as the PHRA, provides for specific remedies but does not expressly provide for recovery of punitive damages. <u>Hoy v. Angelone</u>, 554 Pa. 134, 147 720 A.2d 745, 749 (1998) (holding that punitive damages are not recoverable under the PHRA). Accordingly, plaintiff's demand for punitive damages in Counts III and V of the Amended Complaint should be dismissed.

Plaintiff also demands a jury trial for her PHRA claims in Counts III and V of her Amended Complaint. Under Pennsylvania law, a trial by jury is not available for statutory claims unless the statute so provides. The PHRA does not provide for trial by jury. Thus, as a matter

---

[4] As with the defamation count, the false light claim also fails because plaintiff, in her Amended Complaint allegations, does not identify the patent application(s) that allegedly placed her in a false light. <u>See</u>, <u>e.g.</u>, <u>Menkowitz</u>, <u>supra</u>, 1999 WL 410362 at *4 (lack of detail as to alleged statements creating false light leaves the Court unable to assess claim and leaves the defendants in the dark as to what cast the plaintiff in a false light).

of law, plaintiff is not entitled to a jury trial on her PHRA claims. Wertz v. Chapman Township, 559 Pa. 630, 636-637, 741 A.2d 1272 (1999) (no jury trial under PHRA). Accordingly, plaintiff's demand for a jury trial in Counts III and V should be dismissed.

    D.    As A Matter Of Law, Plaintiff Is Not Entitled To Attorneys' Fees On Her State Law Tort Claims.

In Counts VI, VII, and VIII, plaintiff seeks attorneys' fees in connection with her state law tort claims of defamation, invasion of privacy/false light and intentional infliction of emotional distress. Under Pennsylvania law, however, it is well established that a litigant is responsible for his own counsel fees. Pittsburgh Live, Inc. v. Servov, 419 Pa. Super. 423, 430, 615 A.2d 438, 441 (1992). Indeed, the Pennsylvania Supreme Court has stated "'[T]here can be no recovery for counsel fees from the adverse party to a cause in the absence of express statutory allowance of the same ... or clear agreement by the parties ... or some other established exception." Corace v. Balint, 418 Pa. 262, 265-67, 210 A.2d 882, 884 (1965) (citations omitted).

There is no established exception which permits recovery of attorneys' fees for plaintiff's claims for defamation, invasion of privacy or intentional infliction of emotional distress. Although defamation is governed by statute under Pennsylvania law, there is no provision made in the statute for the award of counsel fees. See 42 Pa.C.S.A. § 8343. Accordingly, plaintiff cannot state a claim for attorneys' fees in her state law tort claims, and those claims for attorneys' fees should be dismissed.

    E.    Plaintiff's References To The Fourteenth Amendment Should Be Stricken Because Defendant Is Not A Public Sector Employer.

Count I of the Amended Complaint makes reference to the Fourteenth Amendment of the United States Constitution. It is well established that no claim under the United States Constitution is cognizable where the defendant is not a state actor. See, e.g.

Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (the 14th Amendment prohibits states from denying federal constitutional rights; it does not apply to private entities).  Plaintiff does not, and cannot, allege that defendant is a state actor.  Rather, as alleged in the Amended Complaint, defendant is a business corporation and is a private-sector employer.  Accordingly, the Fourteenth Amendment does not apply to defendant, and all references to the Fourteenth Amendment should be stricken from Count I.

IV.   CONCLUSION

For any and all of the foregoing reasons, defendant's Partial Motion to Dismiss should be granted.

Respectfully submitted,

*/s/ Raymond A. Kresge*
RAYMOND A. KRESGE
MELANIE MECKA KENNEDY
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500
    and
CELIA JOSEPH
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2399
(215) 592-3661

Attorneys for Defendant