UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MANHUA MANDY LIN : | |
| : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL ACTION NO.  02-CV-3612 |
| : | |
| ROHM AND HAAS COMPANY : | |
| : | JURY TRIAL DEMANDED |
| Defendant : | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
ROHM AND HAAS COMPANY'S  MOTION TO DISMISS**

**I.   INTRODUCTION**

As is evident from the allegations on the face of the Complaint, this action is the next phase of a continuing dispute between Dr. Manhua Mandy Lin ("Dr. Lin") and her former employer, Rohm and Haas Company (Rohm and Haas").  The original Complaint was filed on June 5, 2002.  The timing of the Complaint was dictated by the issuance of an EEOC Right to Sue Letter dated March 6, 2002. The allegations corresponding to that claim, and its companion PHRC claim, are set forth in Counts IV and V, respectively, of the Amended Complaint.  Before a responsive pleading was filed, Dr. Lin received a second Right to Sue Letter from the EEOC based upon a finding that there was reason to believe that Rohm and Haas had engaged in illegal retaliatory conduct.  On the basis of the second Right to Sue Letter, an Amended Complaint was filed incorporating the claims set forth in Counts II and III in of the Amended Complaint.  In addition to the claims of unlawful retaliation, the Amended Complaint asserts, in Counts VI and VII, pendant state law claims for defamation and invasion of privacy/false light.  In response, Defendant, Rohm and Haas, has filed a Partial Motion to Dismiss.

1

**II.    ARGUMENT**

    **A.    Defendant's Motion to Dismiss Count VI of the Amended Complaint Should be Dismissed**

The standard by which the record is evaluated in a Motion to Dismiss for failure to state a claim is well settled. On a Motion to Dismiss under Fed. R. Civ.P. 12(b)6, all allegations in the pleading must be accepted as true and the Plaintiff, Dr. Lin, must be given the benefit of every favorable inference that can be drawn from those allegations. **Schrob vs. Catterson, 948 F.2d 1402, 1405 (3rd Cir. 1991).**

The core allegations supporting the claim for defamation in the Amended Complaint are that, subsequent to the termination of Dr. Lin's employment with Rohm and Haas, Rohm and Haas drafted and filed certain patent applications for Dr. Lin's inventions but that, solely for the purpose of denigrating her scientific achievement and to deprive her of credit for sole inventorship, Rohm and Haas added the names of multiple people as co-inventors who did not contribute to the concepts in Dr. Lin's inventions. Dr. Lin was thereafter listed in the patent application at or near the bottom of a list of "co-inventors." As a result, Dr. Lin was deprived of proper credit for her scientific achievement. The Amended Complaint further alleges that the conduct of Rohm and Haas was intended to and did disparage Dr. Lin's reputation in the scientific community and with potential future employers. (Amended Complaint, Count VI).

In its Motion to Dismiss Count VI of Plaintiff's Amended Complaint, Rohm and Haas raises multiple objections. First, Defendant claims that the Amended Complaint is not sufficiently specific to provide the Court with any basis on which to assess defamatory character of the publication and does not give Defendant notice of any

claimed defamatory communication. Rohm and Haas suggests that these "non-specific broad allegations" are insufficient, as a matter of law, to state a claim for defamation.[1]

The argument advanced by Rohm and Haas confuses the role of pleading with the role of proof. In Federal Court, the sufficiency of a pleading is determined by the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure defines the role of a complaint as solely to provide "a short and plain statement of the claim" without the necessity for embossing the claim with all of the details of proof necessary to ultimately succeed on the claim.

The role of pleadings in Federal practice has been the topic of recent commentary by the United States Supreme Court. In the matter of **Swierkiewicz vs. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002),** the Supreme Court reiterated that:

> Federal Rule of Civil Procedure 8(a)(2), … provides that a Complaint must include only "a short and plain statement of the claims showing that the pleader is entitled to relief." Such a statement must simply "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." **(Citations Omitted)**. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. **(Citations Omitted)** "The provisions for discovery are so flexible and provisions for pre-trial procedure and summary judgment so effective, that attempted surprise in federal practice is avoided very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the Court." **(Citations Omitted).**

---

[1] Plaintiff's Complaint, by design, is circumspect with regard to details pertaining to specific scientific principles and patent references. In the companion matter currently pending in the Court of Common Pleas of Montgomery County a Preliminary Injunction is in place that precludes Dr. Lin from disclosing, directly or indirectly, "any information that Rohm and Haas considered confidential or trade secret." Rohm and Haas considers "any information that was learned or developed" at Rohm and Haas, including certain published patent information, to be trade secret or confidential. The Amended Complaint was drafted in a manner that was sensitive to the extraordinary confidentiality claims of Rohm and Haas in existing litigation.

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts."
>
> **Swierkiewicz at 512, 513**

**Swierkiewicz** further teaches that:

> "Rule 8(e)(1) states that "[n]o technical forms of pleadings or motions are required" and Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." Given the Federal Rules simplified standard for pleading, "[a] Court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. **(Citations omitted.)** If a pleading fails to specify the allegations in a manner the provides sufficient notice, a Defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."
>
> **Swierkiewicz at 513, 514**

The contents of Defendant's Partial Motion to Dismiss makes it abundantly clear that the pleadings give Rohm and Haas fair notice of the Plaintiff's claims and the grounds upon which they rest. This is all that the simplified notice pleading requirements of the Federal Rules of Civil Procedure require.

Notably, Rohm and Haas relies on the authority of **Mancowitz vs. Pottstown Memorial Medical Center, 1999 W.L. 410362 (E.D. Pa. 1999)** to support its argument that a Complaint must set forth the substance of the alleged defamatory statements in greater detail to survive a Motion to Dismiss. **Menkowitz**, in fact, does not support Defendant's argument. Rather, in **Menkowitz**, the Court concluded that a Motion to

Dismiss (with leave to amend) should be granted because the defamation count in that complaint was plead in the "most ambiguous of grammatical constructions." In fact, in a multi-defendant case, the complaint did not even identify the Defendant who was alleged to have uttered a defamatory statement.  Under those limited circumstances, the court concluded that the allegations in the complaint were insufficient to provide the "plain statement" required by the Rules. Although ignored by Rohm and Haas in its argument, the **Menkowitz** opinion actually cites the authority of **Carr vs. Township of Lower Merion, 582 F.Supp. 410 (E.D. Pa. 1983).** In **Carr**, **the** District Court recognized that "Defendants, in effect, urge that the defamation claim be dismissed for failure to plead with specificity.   This approach, however, contravenes the spirit of notice pleading incorporated by the Federal Rules of Civil Procedure,..." **Carr at 413.** Although aware of the applicable precedent, the Court in **Menkowitz** concluded that the complaint failed to satisfy even "the liberal federal standard of Rule 8." **Menkowitz , at \*3.** The authority of **Menkowitz** has no application in the present action.

In the present action, Plaintiff's Amended Complaint provides sufficient detail for Defendant to clearly appreciate the nature of the claim that has been asserted against it. This observation is corroborated by the fact that Defendant has identified and attempted to raise a substantive defense in the Motion to Dismiss based upon certain regulations pertaining to U.S. patent applications. The contents of Defendant's Partial Motion to Dismiss make it abundantly clear that the pleadings give Rohm and Haas fair notice of the Plaintiff's claims and the grounds upon which they rest.  This is all that the simplified notice pleading requirements of the Federal Rules of Civil Procedure require.   The Defendant's Partial Motion to Dismiss on the grounds that the Amended Complaint fails

to contain a sufficiently definite statement of the claim is without merit and should be dismissed.

Defendant's Partial Motion to Dismiss also argues that, as a matter of substantive law, the failure of Rohm and Haas to list Dr. Lin at the head of the list of co-inventors is not capable of a defamatory meaning. In support of that argument, Rohm and Haas cites the Manual of Patent Examining Procedure for the proposition that the particular order in which the names appear in a patent application is of no consequence in so far as the legal rights of the joint applicants are concerned. From that statement, Defendant makes the unwarranted conclusion that no one in the scientific community could conclude that the order in which a co-inventor appears in a patent application could be defamatory. The principles are unrelated.

Plaintiff concurs with Defendant's recitation of principle that, in Pennsylvania, a statement is defamatory if it tends to harm the reputation of a party so as to lower him or her in the estimation of the community. **Momah vs. Albert Einstein Medical Center, 978 F.Supp. 621, 634 (E.D.Pa.)**. An additional significant component of the cause of action, and a reference omitted from Defendant's statement of law, is that the nature of the audience to whom the remarks are delivered is a critical factor in determining whether a communication is capable of a defamatory meaning. **Momah, at 634**. As alleged in the Amended Complaint, the reason why Rohm and Haas manipulated the order in which Dr. Lin's name appears on the patent application for her invention is because it knew that listing Dr. Lin at the bottom of a list of co-inventors would have the maximum adverse impact on Dr. Lin's standing in the scientific community. Had Rohm and Haas not believed that the order of listing co-inventors on a patent applications was material to a

scientist's reputation, Dr. Lin, as the sole inventor, would have been given the sole credit for her invention.

Although the initial determination of whether a communication is capable of having defamatory character is for the Court, it is premature for the Court to make that determination at the outset. The Amended Complaint specifically asserts that the defamatory nature of the communication would be understood as such by the scientific community. It is Dr. Lin's reputation in a scientific community that is adversely affected by the transposition of her name on the list of co-inventors on the patent application. Clearly, before the Court can properly make its initial determination the Plaintiff must be permitted to develop the factual context of how this communication would be viewed in the scientific community rather than a community composed of the public at large.

By way of anecdotal example in support of Plaintiff's argument, and without suggesting that the information is intended as admissible evidence, attached hereto and incorporated herein is a newspaper article from the Wall Street Journal dated March 1, 1996, reporting on the results of certain litigation in Texas. In that matter, a chemist claimed that as the inventor of an invention, he had been defamed when his former employer sought to amend a patent application to put another scientist's name ahead of his. As reported at the end of the article, "The jury found that Exxon had indeed defamed Dr. Ewen and awarded him $5.2 million in actual damages. Included in that was $550,000.00 against Fina, which was found liable for defaming Dr. Ewen by switching his name on a patent." Clearly, the manner in which an inventor's name is listed in a patent application can have a direct impact on the scientist's reputation in the scientific community.

Rohm and Haas is fully aware of the significance in the scientific community of the order in which an inventor is listed on a patent application and the fact that delegating an inventor to a subsidiary position on a list of co-inventors in fact will work to the detriment of that scientist's reputation in the scientific community.  It is specifically for that reason, as alleged in the Amended Complaint, that Rohm and Haas contrived to add a list of "co-inventors" to the patent application for Dr. Lin's invention.  The adverse impact on her reputation has absolutely no bearing on her "legal rights" as an inventor. In the context of the claims in the Amended Complaint, in which the defamatory character of the patent application is alleged in the context of Dr. Lin's reputation in the scientific community rather than in the community composed of the general public, it is appropriate for the Court to allow the parties to create a record to support the defamatory nature of the communication before making its "initial determination" whether the communication at issue is capable of a defamatory character.

On the basis of the foregoing, it is respectfully submitted that the Amended Complaint adequately states a claim for defamation and Defendant's Motion to Dismiss Count VI of the Amended Complaint should be dismissed.  In the alternative, should the Court determine that the allegations in the Amended Complaint are insufficient to constitute a short and plain statement of the claim, Plaintiff requests leave to amend the claim to provide additional details.

### B.   Defendant's Motion to Dismiss Count VII of the Amended Complaint Should be Dismissed

Count VII of Plaintiff's Amended Complaint asserts a cause of action for invasion of privacy/false light. The substantive allegations in support of Count VII, which must be taken as true for purposes of this Motion, are the same factual elements that support the claim for defamation. The allegations are that Dr. Lin was the sole inventor of certain inventions that have been incorporated into a patent application. Rather than giving her full credit for her invention, Rohm and Haas schemed to include the names of multiple persons as co-inventors who made no contribution to the concepts contained in Dr. Lin's inventions. Plaintiff asserts that by so doing, Rohm and Haas gave publicity to a matter involving Dr. Lin in a false light such as would be highly offensive to a reasonable person.

In support of its Motion to Dismiss Count VII of the Amended Complaint, Rohm and Haas argues that creating a list of "co-inventors" to obscure the scientific achievements of Dr. Lin cannot be equated with giving publicity about her invention in a "false light." It is difficult to imagine a greater "false light" in which to portray Dr. Lin's accomplishments. As noted in Defendant's Memorandum of Law, a claim for false light must based upon a "major misrepresentation" of the Plaintiff's activities. Certainly, depriving Dr. Lin of credit for a significant invention constitutes exactly the kind of major misrepresentation that will support a claim for false light.

In its Motion to Dismiss, Rohm and Haas further contends that it is not possible that the conduct alleged in the Complaint would be "highly offensive to a reasonable person." In other words, Rohm and Haas contends that a scientist would not find an

effort to publicly deprive him or her of the credit for his scientific achievement to be "highly offensive." As noted above, Rohm and Haas is clearly aware of the significance that a scientist places on receiving proper credit for their intellectual achievement. It is that very credit that elevates a scientist's stature in the eyes of his or her peers and opens professional opportunities that are not available to scientists of lesser achievement. An overt effort to deprive Dr. Lin of credit for her personal achievement is something that any reasonable person would, by definition, find "highly offensive."

      To the extent that the Court is unfamiliar with the significance of crediting a scientist with public recognition of their accomplishments, a factual issue exists that can be developed through proper discovery. However, Dr. Lin's offense at being deprived of credit for her work is by no means based on unfounded "speculation" as asserted by Rohm and Haas. As with the Motion to Dismiss Plaintiff's defamation claim, the claim for false light/invasion of privacy set forth in the Amended Complaint adequately provides Rohm and Haas with a short and plain statement of the claim that, on its face, demonstrates that Rohm and Haas sought to publicly portray her accomplishments in a false light and in a manner that would clearly be "highly offensive" to any reasonable person.

      On the basis of the foregoing, it is respectfully submitted that the Amended Complaint adequately states a claim for false light/invasion of privacy and Defendant's Motion to Dismiss Count VII of the Amended Complaint should be dismissed.

### C. Plaintiff is Entitled to a Jury Trial for Her Claims Under the PHRA

Counts III and V of Plaintiff's Amended Complaint contain two claims for unlawful retaliation under the Pennsylvania Human Relations Act. 43 P.S. § 951 *et seq*. In its Motion to Dismiss, Rohm and Haas seeks to strike Plaintiff's jury demand and claim for punitive damages in the claims arising under the PHRA.

In the matter of **Graham vs. Toltzis Communications, Inc., 2000 W.L. 433978 (E.D. Pa.)**, Judge Fullam concluded that the right to a jury trial in Federal Court is a matter of Federal law. Thus, although the Pennsylvania Supreme Court does not recognize the right to a jury trial on a PHRA claim, **Werts vs. Chappman Township, 559 Pa. 630, 741 A.2d 1272 (1999),** Plaintiff has an independent right, guaranteed to by the Seventh Amendment of the United States Constitution, to a trial by jury where the claims seek money damages. As noted by Judge Fullam, the Supreme Court of Pennsylvania does not have the power to alter this outcome and therefore, in a matter pending in Federal Court, Plaintiff has the right to a jury trial for claims arising under the PHRA.

Defendant has also moved to strike the claim for punitive damages in the PHRA claims. Plaintiff acknowledges that current Pennsylvania authority does not provide for punitive damages under the PHRA. However, as the Court recognized in the matter of **Heimbach vs. Lehigh Valley Plastics, Inc., 2000 W.L. 14871 (E.D. Pa.),** the inability to recover punitive damages under the PHRA has no impact on the right to recover punitive damages under the companion claims asserted under Title VII or any other claim where punitive damages may be allowed.

### C. Defendant's Motion to Dismiss Claims for Attorney's Fees On State Law Claims

Plaintiff does not take issue with Defendant's Motion to Dismiss a claim for attorney's fees on her state law claims without prejudice to her right to claim fees under appropriate circumstances should they arise in the course of this litigation.

### D. Defendant's Motion to Strike References to the Fourteenth Amendment

Plaintiff has no objection to striking references to the Fourteenth Amendment in the Amended Complaint.

## III. CONCLUSION

For all of the forgoing reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss Counts VI and VII of the Amended Complaint be denied. In the alternative, should the Court conclude that the pleadings require a more specific statement, Plaintiff request leave to file an Amended Complaint containing such additional detail. Further, Defendant's Motion to Dismiss Plaintiff's demand for jury trial under Counts III and V of the Amended Complaint must be dismissed for failure to comply with the law.

> Respectfully submitted,
> Leonard, Tillery & Sciolla, LLP
>
> By:_____
>     Hugh J. Hutchison

Date:_____