Case 2:02-cv-03612-JCJ   Document 11-2   Filed 12/31/2002   Page 1 of 6

FROM MORGAN LEWIS - PHILADELPHIA NEC - 3 (FRI) 6. 30' 00 21:01/NO. 4862192794 P 7
MORGAN LEWIS BUCKIUS - PH                                215 963 5299      P.02/08

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY PENNSYLVANIA

---

ROHM AND HAAS COMPANY,

PLAINTIFF,

v.

DR. MANHUA MANDY LIN,

DEFENDANT.

: CIVIL ACTION NO. 00-10035

---

STIPULATION OF CONFIDENTIALITY

---

WHEREAS, information may be produced either by Plaintiff Rohm and Haas Company ("Rohm and Haas" or "Plaintiff") to Defendant Dr. Mandy Manhua Lin ("Dr. Lin" or "Defendant") and Defendant's attorneys, or by Defendant to Plaintiff and Plaintiff's attorneys in this action, voluntarily or pursuant to discovery proceedings, which are confidential or of a personal nature to Plaintiff or to Defendant (hereinafter referred to collectively as "Confidential Information"), it is hereby stipulated and agreed by and between Plaintiff and Defendant, through their respective attorneys, as follows:

1. There is good cause for this Stipulation, as Rohm and Haas Company anticipates that discovery in this action will include documents and other information which constitutes trade secret, research, development, commercial, financial, and/or other confidential and proprietary information. Nothing in this paragraph shall bind Dr. Lin to Rohm and Haas' assertion that the documents produced contain trade secret, research, development, commercial, financial and/or other confidential and proprietary information.

FROM MORGAN LEWIS - PHILADELPHIA NEC    (MORGAN LEWIS BOCKIUS - PH)   (FRI) 6. 30' 00 21:01/ST. 21:01/NO. 4862192794 P 8
215 963 5299    P.03/08

2. The parties have a cognizable interest in maintaining the secrecy of the Confidential Information, as such information includes trade secret, research, development, commercial, financial, and/or other confidential and proprietary information.

3. The parties agree that *disclosure of the Confidential Information may cause serious harm* by making trade secret, research, development, commercial, financial, and/or other confidential and proprietary information available to the public and/or to Rohm and Haas' competitors.

4. The parties agree that they have the need for the Confidential Information in their respective prosecution and defense of this action, and that this need can be balanced against the risk of public disclosure by limiting the use to which the parties may put the Confidential Information.

5. The parties shall have the right to designate as CONFIDENTIAL any document or other item relevant to this litigation, including without limitation, answers to interrogatories, documents produced in response to a request for production, and any portion of deposition testimony or other testimony by a witness.

6. Such documents and information containing "Confidential Information" shall be designated as CONFIDENTIAL. With regard to documents or other items that contain "Confidential Information," they must be designated by stamping the words "CONFIDENTIAL" on each page of the designated material, or by notifying the other party in writing of the material to be considered so designated. With regard to testimony, a party may designate portions of the record "CONFIDENTIAL" by notifying the other party on the record at the deposition in writing no later than five (5) days after the transcript is received.

7. All documents and information produced or obtained in the course of this litigation, designated "CONFIDENTIAL," including all data and information derived or generated from the same, shall be used for the sole and limited purpose of preparation for

FROM MORGAN LEWIS - PHILADELPHIA NEC    (FRI) 6. 30' 00 21:01/NO. 4862192794 P 9
215 963 5299    P.04/08

and trial of this action, and shall not be used for any other purpose. The phrase "preparation for and trial of this action," as used in this Stipulation of Confidentiality, means that individuals or entities obtaining access to discovery may:

    a.    read and review such discovery to become knowledgeable and familiar about this litigation; and

    b.    comment on such discovery to counsel for the parties if they so choose.

All other uses, including, but not limited to, (1) making such discovery available to any person not listed in Paragraph 9, and (2) causing such discovery to be disclosed in any journal, proceedings, or other publication other than filings under seal or Protective Order with the Court of Common Pleas, Montgomery County connected with this litigation, shall fall outside the definition of the phrase "preparation for and trial of this action."

    8.    Confidential Information produced by Plaintiff shall not be copied or duplicated in any manner for dissemination to Defendant without the prior written consent of Plaintiff or Plaintiff's attorneys.

    9.    Subject to the provision of Paragraph 8 of this Stipulation of Confidentiality, information designated "CONFIDENTIAL" shall not be disclosed or disseminated to *anyone*, except:

    a.    attorneys or legal assistants of the undersigned law firms; or

    b.    any person who was involved in the preparation of the document or other material; or

    c.    any other person, entity or firm with the prior written consent of all parties; or

    d.    the Court and Court personnel when filed under seal or Protective Order.

    10.    Nothing contained herein shall restrict any party's counsel from disclosing Confidential Information to that party or a prospective witness, expert or consultant for that party where such disclosure is necessary in connection with the litigation and

FROM MORGAN LEWIS - PHILADE' (A NEC  LEWIS BOCKIUS (FRI) 6' 30' 00 21:  T. 21:01/NO. 4862192794 P 10
215 963 5299    P.05/08

preparation for trial of this action, provided the person to whom such disclosure is made complies with the provisions of Paragraph 11 hereof, provided that the prospective witness, expert or consultant is not employed by a competitor of Rohm and Haas.

11. A party or any prospective witness, expert or consultant for a party to whom any of the information designated "CONFIDENTIAL" is disclosed shall, prior to such disclosure, agree in writing, in the form attached hereto as Exhibit "A", to be bound by the terms of this Stipulation. Counsel by whom Confidential Information is so disclosed will retain any such signed statement and, for any individual who has or should have been disclosed as a witness, counsel shall promptly make it available for inspection by opposing counsel upon written request. Any disclosure of information designated "CONFIDENTIAL" to third-party witnesses, experts, or consultants must be related solely for the purposes of preparation for and trial of this action.

12. Counsel for the respective parties may utilize without restriction all or portions of Confidential Information during the course of trial or Court proceedings, and during depositions in this matter without obtaining the writing required by Paragraph 11 hereof. Those portions of the transcripts of all such depositions that contain or refer to any Confidential Information shall be treated in accordance with Paragraph 15 hereof. Counsel shall retain copies of any transcript of any deposition that contains or refers to any Confidential Information in such a manner as to preserve its confidential nature.

13. All Confidential Information produced hereunder shall be retained in the possession and control of counsel receiving such Confidential Information in such a manner as to preserve its confidential nature.

14. Within thirty (30) days of the termination of this action, including all appeals, each party's counsel shall retrieve all copies of materials and information

FROM MORGAN LEWIS - PHILADE(MORGAN LEWIS BOCKIUS - PH) (FRI) 6. 30' 00 21:   ST. 21:01/NO. 4862192794 P 11
215 963 5299   P.06/08

designated "CONFIDENTIAL" from their own files and from its experts and/or consultants, and shall do one of the following:

    a.    return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or

    b.    certify in writing to the designating party that all materials designated "CONFIDENTIAL" produced by the designating party during this action have been destroyed.

All information protected by this Stipulation of Confidentiality which has been placed in any computer databank, hard drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Stipulation of Confidentiality shall be destroyed and returned or certified within the same period, as set forth in this paragraph.

15.    Neither this Stipulation of Confidentiality nor the designation of any Confidential Information hereunder shall be construed as a waiver of any party's rights to seek other and further protections as to any Confidential Information that may be offered or admitted as evidence at any hearing or trial in this matter.

16.    Nothing in this Stipulation of Confidentiality shall preclude any party from challenging a designation of "CONFIDENTIAL" by any party. If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this Stipulation, that party must provide at least five (5) days advance written notice to afford the designating party an opportunity to remove voluntarily such designation.

    a.    If, after the five-day period has expired, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging party may seek appropriate relief from the Court.

    b.    If the challenge is not resolved by agreement, voluntary removal, or the Court, then the designation shall remain in

effect and shall continue to apply to such document or information.

17. The parties agree to treat all Confidential Information in connection with any appeal in this action as similarly subject to the provisions of this Confidentiality Stipulation.

18. Nothing in this Stipulation of Confidentiality shall supercede or diminish in any manner any preexisting contractual obligations owed by one party to the other.

Plaintiff Rohm and Haas Company

Dated: June 2_, 2000   By: _____
Mary M. Grusky Shaw, Esquire
J. Kevin Fee, Esquire
Dorian S. Mazurkevich, Esquire
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921

Defendant Dr. Mandy Manhua Lin

Dated: June 2_, 2000   By: _____
Hugh J. Hutchinson, Esquire
LEONARD, TILLERY & SCIOLLA, LLP
1515 Market Street
Suite 1800
Philadelphia, PA 19102