```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DR. MANHUA MANDY LIN,              :    CIVIL ACTION
                                   :
        Plaintiff,                 :    02-3612
                                   :
   v.                              :
                                   :
ROHM AND HAAS COMPANY,             :
                                   :
        Defendant.                 :

## ORDER

AND NOW, this        day of February, 2003, upon consideration of the Defendant Rohm and Haas Company's Partial Motion to Dismiss (Document No. 5) and Plaintiff's response thereto, it is hereby ORDERED that the Motion is DENIED in part and GRANTED in part.

It is further ORDERED that:

1) Defendant's Motion to Dismiss Count VI (defamation) and Count VII (false light/invasion of privacy) of the Amended Complaint is DENIED;

2) Defendant's Motion to Strike Plaintiff's demand for punitive damages and for a jury trial under Counts III and V of the Amended Complaint is GRANTED, and Plaintiff's claims for punitive damages and a jury trial under Counts III and V of the Amended Complaint are DISMISSED;

    3)    Defendant's Motion to Dismiss Plaintiff's demand for attorney's fees under Counts VI, VII, and VIII of the Amended Complaint is GRANTED;

    4)    All references to the Fourteenth Amendment of the United States Constitution in Count I of the Amended Complaint are STRICKEN.[1]

BY THE COURT:

_____
J. CURTIS JOYNER, J.

---

[1] In considering a motion to dismiss, a court must accept as true all facts alleged in a complaint and view them in the light most favorable to the plaintiff. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. See id.

In Counts VI and VII of the Amended Complaint, Plaintiff has sufficiently pled a claim for defamation and false light/invasion of privacy.

Defendant also moves to dismiss Plaintiff's demand for punitive damages and a jury trial for Counts III and V. We find that under Pennsylvania law, Plaintiff is not entitled to a jury trial under the Pennsylvania Human Relations Act. See Wertz v. Chapman Township, 741 A.2d 1272 (Pa. 1999)(finding that the Pennsylvania legislature did not intend to provide a jury trial under the PHRA; instead, it intended to leave the findings and relief to the courts). Plaintiff does not contest Defendant's motion to strike the demand for punitive damages under Counts III and V. Additionally, Plaintiff does not oppose Defendant's motion to dismiss (1) Plaintiff's demand for attorney's fees under Counts VI, VII, and VIII of the Amended Complaint, and (2) all references to the Fourteenth Amendment of the United States Constitution in Count I of the Amended Complaint. Therefore, we DENY in part and GRANT in part Defendant's Partial Motion to Dismiss.