# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MANHUA MANDY LIN, | : | CIVIL ACTION |
| Plaintiff, | : | 02-3612 |
| v. | : | |
| ROHM AND HAAS COMPANY, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this ____ day of February, 2003, upon consideration of the Defendant Rohm and Haas Company's Motion to Dismiss (Document No. 13) and Plaintiff's response thereto, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] In considering a motion to dismiss, a court must accept as true all facts alleged in a complaint and view them in the light most favorable to the plaintiff. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. See id.
  Defendant moves to dismiss Plaintiff's Amended Complaint under a theory of collateral estoppel and the Colorado River doctrine. There have been numerous supplemental exhibits and matters outside the pleadings submitted, including a state court Order which is supposedly under seal. We find that the preliminary injunction opinion is not "sufficiently firm" to warrant dismissal based on collateral estoppel. See Hawksbill Sea Turtle v. FEMA, 126 F.3d 461 (3d Cir. 1997). Additionally, this Court does not find the "exceptional circumstances" required for a Colorado River-based dismissal. Considering the appropriateness of our jurisdiction, the history of EEOC proceedings, the limited discovery, and the sealed state record, it becomes apparent that the "clearest of justifications" warranting dismissal do not exist in this case. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). Although this Court can consider matters outside the pleading and treat the Motion as one for summary judgment, we will not convert this Motion to one for summary judgment at this juncture without adequate discovery. See Fed. R. Civ. P. 12(b). Therefore,

BY THE COURT:

_____
J. CURTIS JOYNER, J.

---

accepting as true all facts alleged in Plaintiff's Amended Complaint and viewing them in the light most favorable to Plaintiff, we find that Plaintiff has sufficiently pled a discrimination/retaliation claim in Counts I-V.  We note that the remaining Counts in Plaintiff's Amended Complaint are considered in Defendant's Partial Motion to Dismiss (Document No. 5).  Thus, we DENY Defendant's Motion to Dismiss.