UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MANHUA MANDY LIN | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION NO. 02-CV-3612 |
| ROHM AND HAAS COMPANY | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**MEMORANDUM OF LAW IN OPPOSITION
OF MOTION FOR RECONSIDERATION**

**I.   INTRODUCTION**

This is an action instituted on behalf of Dr. Manhua Mandy Lin asserting that she has been subjected to retaliatory and discriminatory conduct by her former employer, Rohm and Haas Company.  The Amended Complaint alleges that one of the significant components of Rohm and Haas' retaliatory conduct was the filing and pursuit of an action in the Court of Common Pleas of Montgomery County, Pennsylvania (the "Injunction Action") seeking injunctive relief against Dr. Lin.  The Amended Complaint asserts that Rohm and Haas pursued the Injunction Action in bad faith and with full knowledge that the representations made to the Court on its behalf were false, misleading and/or fabricated.  Therefore, although Rohm and Haas obtained a preliminary injunction in that action, Dr. Lin asserts that the preliminary injunction was obtained on the basis of tainted evidence that Rohm and Haas knew to be false and/or deceptive at the time that it was introduced.  The record of the Injunction Action has been sealed, thereby precluding the parties from disclosing all or any part of the substantive information contained therein in the present proceedings.

On or about January 1, 2003, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint arguing that the findings of the Court of Common Pleas in Support of a Preliminary Injunction bars Plaintiff from pursuing this case on the grounds of collateral estoppel. In filing the Motion, Defendant selectively ignored the Order of the Court of Common Pleas sealing the entire record and, in direct violation of that Order, disclosed discrete references from the record of the Injunction Action that supported its position.

Plaintiff filed a substantive response on February 7, 2003. The response included the Affidavits of Dr. Manhua Mandy Lin and of Hugh J. Hutchison, Esquire. The Affidavits, together with the allegations in the Amended Complaint established, for purposes of this Motion, that the evidence and testimony offered by Rohm and Haas in the support of the Preliminary Injunction was knowingly false and deceptive. The record also established, for purposes of this Motion, that discovery conducted since the conclusion of the Preliminary Injunction hearing demonstrated the lack of integrity of the evidence offered in that hearing. By Order dated February 19, 2003, this Court denied Defendant's Motion to Dismiss under both the theory of collateral estoppel and the Colorado River doctrine applicable to parallel State and Federal proceedings. The Court concluded that findings of the Court of Common Pleas in the Injunction Action were not "sufficiently firm" to warrant dismissal on the basis of the collateral estoppel.

By Order dated February 20, 2003, the Superior Court of Pennsylvania entered an Order affirming the Order of the Court of Common Pleas that granted a Preliminary Injunction. Rohm and Haas has now filed a Motion for Reconsideration asserting that the Order of the Superior Court requires dismissal because it makes the Order granting the

Preliminary Injunction "sufficiently firm" to persuade the Court that there is no compelling reason to revisit the facts established in the prior judicial proceedings. Defendant's Motion for Reconsideration, however, is based upon a fundamentally flawed premise and must be denied.

## II. ARGUMENT

### A. Standard of Review

> "The rationale for a Motion to Reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence,"…
> Thus,…a Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked…. It is improper on a Motion for Reconsideration to "ask the Court to rethink what [it] had already thought through – rightly or wrongly."

**Glendon Energy Company vs. Borough of Glendon**, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

A Motion for Reconsideration should only be considered where one of three situations exist: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. **Peterkin vs. Horn**, 179 F.Supp. 2d 518, 520 (E.D. Pa. 2002). Apparently, it is Defendant's position that the Order of the Superior Court affirming the Preliminary Injunction Order of the Court of Common Pleas is "new evidence" that was previously unavailable.

### B. Motion to Dismiss Based on Collateral Estoppel

It is true that the Order of the Superior Court was not available at the time Defendant's original Motion to Dismiss was denied. However, in the context of this case, it is also clear that the Order of the Superior Court is not "new evidence" that has

3

any bearing on the resolution of this case. Rather, for purposes of this Motion, the Order of the Superior Court merely reflects the pre-existing record.

In the Order of February 19, 2003 denying the Motion to Dismiss, this Court specifically acknowledged that although it is authorized to treat the Motion as one for summary judgment if matters outside the pleading are considered, it chose not to do so. Therefore, the record is solely limited to the allegations set forth in the Amended Complaint and the responsive pleadings filed by Defendant. To the extent that the matter continues to be viewed as a Motion to Dismiss, there has been no change in the record whatsoever. Under those circumstances, the Motion for Reconsideration must be denied out of hand.

Rohm and Haas now argues that the opinion of Superior Court affirming the Order granting a Preliminary Injunction constitutes "new evidence" that was not available at the time of the Court's original evaluation of the record.[1] In response to the original Motion, Plaintiff argued that the allegations contained in the Amended Complaint, all of which must be accepted as true, (and to the extent they are considered, the Affidavits of Dr. Manhua Mandy Lin and Hugh J. Hutchison, Esquire as well), confirm that the evidence upon which the Court of Common Pleas based its decision to order a Preliminary Injunction was tainted. If the Order of the Court of Common Pleas was based on a record built on fabricated, false and otherwise deceptive evidence, a decision the Superior Court confirming the judgment of the Court of Common Pleas is based on a record that is likewise fundamentally and legally flawed. The cause of action

---

[1] The renewed reference to and reliance on matters that are subject to the Orders sealing the record of the Injunction Action is further evidence of Defendant's lack of respect for the limitations on the use of the record imposed by the State Court.

4

set forth in Plaintiff's Amended Complaint is grounded on the claim, among other things, that the Preliminary Injunction was obtained through the intentional submission of false and deceptive testimony and evidence. Nothing in the record has changed the fundamental claim that is presently pending before this Court. The record in a lower Court remains the same. If it was based on tainted evidence, Dr. Lin's cause of action remains viable despite the Order of the Superior Court.

Contrary to the argument advanced by Rohm and Haas, it is also clear that the Order of the Superior Court affirming a Preliminary Injunction does not establish the merits of the underlying claim in the Injunction Action. In fact, the opinion of the Superior Court specifically stresses the well-recognized narrow scope of appellate review of an Order granting a Preliminary Injunction. The Superior Court acknowledged that its role was to determine if there was "any apparently reasonable basis to support the lower Court ruling" at this initial stage of the proceedings. The Superior Court clearly stated that it is not the function of the Appellate Court nor does it have the authority to inquire into the merits of the underlying case when reviewing an Order for Preliminary Injunction. (Opinion of Superior Court p. 1). Therefore, the only finding of the Superior Court is that the record from the Preliminary Injunction hearing is "adequate" to support the trial Court's ruling. (Opinion of Superior Court p.12). Of course, when the Superior Court is limited to reviewing a tainted record, there can be no argument that the "taint" was somehow is absolved by the appellate review.

The Motion for Reconsideration appears to be nothing more than a renewal of the effort to obtain relief based on a record that was created before Dr. Lin had an

opportunity to conduct full and complete discovery. The Motion for Reconsideration is a renewal of the effort to foreclose Dr. Lin's opportunity to demonstrate that the evidence introduced in the Preliminary Injunction hearing was knowingly and intentionally deceptive and false. It is especially troubling that Rohm and Haas has cited "facts" from the opinion of the Superior Court at a time that it has absolute knowledge that the cited "facts" from the Superior Court record are untrue. Despite the effort of Rohm and Haas, the hearing on the Preliminary Injunction was never intended to fully and finally resolve the merits of the underlying issues in the Injunction Action. The Order of the Superior Court, in the context of its acknowledged limited scope of review, does nothing to change the fact that the conclusions cited in the Preliminary Injunction opinion are not "sufficiently firm" to collaterally estop Dr. Lin from pursuing a claim that the evidence submitted in support of the Preliminary Injunction was false, misleading and retaliatory.

For the reasons set forth in Plaintiff's original response to Defendant's Motion to Dismiss, which are incorporated as though fully set forth herein, Plaintiff respectfully requests that the Defendant's Motion for Reconsideration be denied.

    **C.**    **Motion to Stay**

Rohm and Haas has also requested the alternative relief of a stay of these proceedings if the matter is not dismissed. The request for a stay is devoid of a single citation of authority. Rohm and Haas bases its argument on the alleged advanced stage of the State Court litigation as represented by the opinion of the Superior Court affirming the entry of a Preliminary Injunction. Contrary to Rohm and Haas' assertion, however, the entry of a Preliminary Injunction is clearly the most initial phase of litigation and does not have any correlation to the actual progress of the underlying litigation.

Rohm and Haas also suggests that "it would be grossly unfair to require Rohm and Haas to relitigate in this Federal action all the State action issues." (Rohm and Haas' Memorandum of Law in Support of Motion for Reconsideration, p. 13).  The statement suggests that the existence of Rohm and Haas' trade secrets and Dr. Lin's conduct with respect to those alleged trade secrets has been fully and finally litigated in the Injunction Action.  Given the disclosures from the continuing discovery in the Injunction Action that directly refute the claims made by Rohm and Haas in the prior proceedings, the matter of the existence of Rohm and Haas trade secrets and Dr. Lin's conduct with respect to those alleged trade secrets must be re-litigated in any event.  The argument is specious.

Fundamentally, the argument of Rohm and Haas is that the mere existence of multiple lawsuits that address similar matters cannot proceed simultaneously.  Recent authority in this district directly refutes Rohm and Haas' arguments.  Multiple authorities recognize that abstention must be grounded on more than just an interest in avoiding duplicative litigation.  **Spring City Corp. vs. American Bldgs Company, 193 F.3d 165 (3d Cir. 1999).**  Before abstention and/or a stay can be considered, there must be a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review.  Abstention and/or a stay under **Colorado River Water Conservation District vs. United States, 424 U.S. 800, 817 (1976)**, requires the "clearest of justifications" and only if a Defendant can show "exceptional circumstances."  Then, and only then, should the Federal Court depart from its "unflagging obligation" to exercise its jurisdiction.  **Moses H. Cohen Memorial Hospital vs. Mercury Construction Corp., 460 U.S. 1, 20 (1983).  See, Ryan vs.**

7

**Johnson, 115 F.3d 193 (3d Cir. 1997).** Thus, it does not matter that a state action has been filed first. It is not relevant that a state action has progressed further. Even where the State Court has conducted a Preliminary Injunction hearing and discovery appears to be well under way, the threshold issue of "exceptional circumstances" or the "clearest of justifications" for abstention have not been satisfied. **CFI of Wisconsin vs. Wilfran Agricultural Industries, 1999 W.L. 994021 *4 (E.D. Pa.).**

As guiding authority in this circuit has routinely maintains, the general rule regarding simultaneous litigation of similar cases in both State and Federal Court is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action. **University of Maryland vs. Peat Marwick Maine & Company, 923 F.2d 265, 275-76 (3d Cir. 1991).** Abstention, even for "considerations of wise judicial administration, can be justified only in the exceptional circumstance where the order to the parties to repair to the State Court would clearly serve an important countervailing interest. **Spring City, 193 F.3d 165 at 173.** See also, **Flint vs. AP Desanno & Sons, 234 F.Supp 2d 506 (E.D. Pa. 2002).**

There are no "exceptional circumstances" cited by Rohm and Haas to support its request for a stay nor can there be such circumstances. This case involves the breach of Dr. Lin's important, personal Federal Civil Rights and Rohm and Haas has cited no reason, let alone relevant authority, to justify giving priority to its State claim over Dr. Lin's Federal cause of action. Plaintiff agrees that it is appropriate to coordinate discovery between the two cases so that there is no unwarranted additional burden imposed on either party. That procedural concern, however, can be readily addressed

through the cooperation of counsel and certainly does not serve as a basis to impose a stay on these proceedings.

As one final comment, it is obvious that the argument of Rohm and Haas based on a reference contained in correspondence of January 31, 2003 by counsel for Dr. Lin is misplaced. An observation that Dr. Lin would have "preferred" to proceed in this action without the apparent negative perception generated by the prior adverse decision in the Injunction Action in no way represented a request that this action be stayed pending the final resolution of the Injunction Action. Rohm and Haas' reliance on a statement taken clearly out of context does not warrant a substantive response.

### III. CONCLUSION

For all of the foregoing reasons, it respectfully requested that Defendant's Motion for Reconsideration be denied and that this matter be permitted to proceed to final resolution. Should the Court request or require, counsel should be encouraged to provide a joint case management plan that would permit cross utilization of discovery proceedings so as to avoid unnecessary and duplicative proceedings in the pending State and Federal Actions.

                                          Respectfully submitted,
                                          Leonard, Tillery & Sciolla, LLP


                                          By:_____
                                                Hugh J. Hutchison

Date:_____