UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. MANHUA MANDY LIN, :
:
        Plaintiff, :
:
v. : CIVIL ACTION NO. 02-CV-3612
:
ROHM AND HAAS COMPANY, :
:
        Defendant. :

AMENDED ANSWER TO AMENDED COMPLAINT

Given the Court's Order entered February 21, 2003 denying Defendant's Partial Motion to Dismiss Counts VI (Defamation) and VII (Invasion of Privacy/False Light) of the Amended Complaint, Defendant Rohm and Haas Company hereby answers the allegations in Counts VI and VII and amends its Answer to the Amended Complaint as follows:

1.    Defendant admits only that plaintiff was employed by Rohm and Haas as a Senior Scientist until November 1999. Defendant is without present knowledge as to plaintiff's current residential address and therefore denies the remaining allegations of paragraph 1.

2.    Admit.

3.    Defendant admits only that the Amended Complaint purports to bring claims under 42 U.S.C. §1981, Title VII of The Civil Rights Act of 1964, the Pennsylvania Human Relations Act, together with state law claims. Defendant denies any other allegations made in paragraph 3 and denies that plaintiff has stated any viable claims.

4.    The allegations of paragraph 4 state legal conclusions to which no response is required.

KRLSPHI:178150.2

5. The allegations of paragraph 5 state legal conclusions to which no response is required.

6. The allegations of paragraph 6 state legal conclusions to which no response is required and which are therefore denied.

7. Defendant admits only that plaintiff is a female scientist and upon information and belief is of Chinese national origin. Defendant denies the remaining allegations of paragraph 7.

8. Admit.

9. Defendant admits only that as a Senior Scientist in the New Routes Team of the Monomers Research Department, plaintiff was involved with others in working on a preparation process for a high yield catalyst for the catalytic synthesis of acrylic acid from propane. Defendant denies the remaining allegations of paragraph 9.

10. Deny.

11. Deny.

12. Defendant admits only that plaintiff has been named as a sole or a joint inventor on patent applications filed by Rohm and Haas in the United States Patent Office and/or in other patent offices. Defendant denies the remaining allegations of paragraph 12.

13. Defendant admits only that in January 1999, plaintiff filed charge no. 170990468 with the EEOC, which charge speaks for itself. Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits only that the EEOC participated in conciliation/settlement efforts in 1999 between plaintiff and defendant and that an EEOC

Settlement Agreement was executed by plaintiff and defendant on November 10, 1999 and is in the possession of plaintiff and defendant. That EEOC Settlement Agreement (which, among other things, references the separate agreement to be signed by plaintiff) speaks for itself. Defendant denies the remaining allegations in paragraph 14.

15.  Defendant admits only that a written Agreement and Release dated November 15, 1999 was executed by plaintiff on November 17, 1999 and by defendant on November 18, 1999 and is in the possession of both parties. That Agreement and Release speaks for itself. Defendant denies the remaining allegations in paragraph 15.

16.  Admit.

17.  Deny.

(Note -- In answering paragraph 18 or any other paragraph of the Amended Complaint in which there are references to the Agreement and Release, defendant does not waive the confidential nature of the Agreement and Release or the confidentiality commitment made by plaintiff in the Agreement and Release.)

18.  Defendant admits only that paragraph 5(h) of the Agreement and Release signed by plaintiff in November 1999 states that "Dr. Lin will be able to publish subject to review concerning trade secrets by Dr. Scott Han. In the event of a dispute, an additional review will be conducted by Dr. Charles Tatum." Defendant denies the allegations of paragraph 18 of the Amended Complaint to the extent that those allegations are inconsistent with or different from the language of the Agreement and Release.

19.  Defendant admits only that paragraph 5(g) of the Agreement and Release signed by plaintiff in November 1999 states that plaintiff "will be named on all patents filed by

Rohm and Haas for which she is determined, according to U.S. Patent Law, to be an inventor." Defendant denies the allegations of paragraph 19 of the Amended Complaint to the extent that those allegations are inconsistent with or different from the language of the Agreement and Release.

20. Defendant admits only that the Agreement and Release provided that "Dr. Han will make himself available to meet with Dr. Lin for a reasonable period of time within six months of her resignation and again within a year of her resignation to update the status of any patents filed by Rohm and Haas on which Dr. Lin has been named as an inventor." Defendant denies the allegations of paragraph 20 of the Amended Complaint to the extent that those allegations are inconsistent with or different from the language of the Agreement and Release.

21. Deny. Defendant refers to its answers to paragraphs 18 and 19 above and to paragraphs 5(g) and 5(h) of the Agreement and Release.

22. Deny.

23. Defendant admits only that in Exhibit B to the Agreement and Release, it agreed to pay "out-of-pocket expenses and reasonable compensation for time spent in review of papers" required for "filing and prosecuting any patent applications and for establishing Rohm and Haas ownership." Defendant denies the remaining allegations of paragraph 23 and all allegations of paragraph 23 to the extent they are inconsistent with and different from the language of the Agreement and Release.

24. Defendant admits only that prior to the effective date of plaintiff's resignation from Rohm and Haas, plaintiff met with Rohm and Haas employees and presented a list of titles of potential scientific papers or presentations, at which meeting, the Rohm and Haas

employees told plaintiff that she needed to provide Rohm and Haas with more information before any determinations regarding trade secrets could be made; that at that meeting, plaintiff presented an inventory that she generated and that included her view of possible/potential inventions for potential patents; and that documents exist regarding this meeting. Defendant denies the remaining allegations of paragraph 24.

      25.    Deny.

      26.    Deny.

      27.    Deny.

      28.    Deny.

      29.    Defendant admits only that plaintiff demanded payment for her review of a Rohm and Haas patent application on which she was listed as an inventor and refused to cooperate in the processing of future patent applications without the payment, which resulted in a payment made to her. Defendant denies the remaining allegations of paragraph 29.

      30.    Defendant admits only that in December 1999, the European Patent Office published a patent application (EP 0 962 253 A2) on which plaintiff was listed as a joint inventor; the subject of the invention is presented in that patent application. Defendant denies the remaining allegations of paragraph 30.

      31.    Defendant admits only that once published by the European Patent Office, the European Patent Application is available to the public. Defendant denies the remaining allegations of paragraph 31.

32. Defendant admits only that EP 253 contains sixteen examples and that EP 253 speaks for itself. Defendant denies the allegations of paragraph 32 to the extent they are inconsistent with the substance of EP 253.

33. Defendant admits only that a scientist of ordinary skill in the art can follow the teachings of EP 253 and create a catalyst encompassed by the claimed invention. Defendant denies the remaining allegations of paragraph 33.

34. Defendant admits only that a scientist of ordinary skill in the art can follow the teachings of EP 253 and create a catalyst encompassed by the claimed invention; and that a scientist of ordinary skill in the art can use characterization techniques to obtain objectively measured characteristics of the catalyst produced. Defendant denies the remaining allegations of paragraph 34.

35. Defendant admits only that upon publication of EP 253, the statements made in EP 253 are not Rohm and Haas trade secrets or confidential information. Defendant denies the remaining allegations of paragraph 35 as well as any inference that a highlighting or interpretation of certain objectively measurable characteristics of the catalysts described in EP 253 is not a Rohm and Haas trade secret or confidential information.

36. Defendant admits only that in March 2000, plaintiff attended a meeting of the American Chemical Society in San Francisco and gave a presentation, the substance of which is a matter of record. Defendant denies the remaining allegations of paragraph 36.

37. Defendant admits only that an original abstract of plaintiff's planned presentation for the March 2000 American Chemical Society meeting was approved by Rohm and Haas prior to plaintiff's resignation date subject to specific directions on the data that could

be used and could not be used. Defendant denies the remaining allegations of paragraph 37 as well as any inference that the original abstract submitted in 1999 matched the presentation given by plaintiff in March 2000.

38. Defendant admits only that shortly before plaintiff's presentation in March 2000 in San Francisco, plaintiff provided an outline of her presentation to Rohm and Haas that was incomplete and that did not allow for adequate time for a trade secret review. Defendant denies the remaining allegations of paragraph 38.

39. Defendant incorporates herein its answer to paragraph 38 above. Defendant adds that the outline and the original abstract speak for themselves. Defendant denies the remaining allegations of paragraph 39 to the extent that the documents are inconsistent with the allegations.

40. Deny. (Defendant notes that the "new information" generally referenced in paragraph 40 is not identified in paragraph 40 or elsewhere in the Amended Complaint.)

41. Defendant admits only that it advised plaintiff that she was not permitted to discuss at her March 2000 presentation certain information that it identified to plaintiff and that it also stated that the research area is highly competitive. Defendant denies the remaining allegations of paragraph 41.

42. Defendant admits only that it demanded that plaintiff remove from her presentation certain information that it identified to her. Defendant denies the remaining allegations of paragraph 42.

43. Deny.

44. Deny.

45. Defendant admits only that on March 28, 2000, plaintiff gave a presentation to the American Chemical Society. Defendant denies the remaining allegations of paragraph 45 and any inferences as to what is meant by "the presentation."

46. Deny.

47. Deny.

48. Deny.

49. Defendant is presently without sufficient knowledge as to the allegations of paragraph 49, which are therefore denied.

50. Defendant admits only that on or about May 23, 2000, an EEOC mediator spoke by phone with in-house counsel for Rohm and Haas regarding trade secret issues involving plaintiff. Defendant denies the remaining allegations of paragraph 50.

51. Defendant admits only that on or about May 26, 2000, a Senior Counsel for Rohm and Haas sent plaintiff a letter, which letter speaks for itself. Defendant denies the remaining allegations of paragraph 51 to the extent they are inconsistent with and/or different from the May 26, 2000 letter.

52. Defendant is presently without sufficient knowledge as to the allegations of paragraph 52, which are therefore denied.

53. Defendant admits only that an EEOC mediator sent a letter to a Rohm and Haas Senior Counsel dated June 1, 2000, which letter speaks for itself. Defendant denies the remaining allegations of paragraph 53 to the extent they are inconsistent with and/or different from that letter dated June 1, 2000.

54. Defendant admits only that on or about June 2, 2000, it filed a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania (Civil No. 00-10035), in which defendant sought, among other things, a Preliminary and Permanent Injunction as described in the Complaint; that Complaint speaks for itself.  Defendant denies the remaining allegations of paragraph 54 to the extent they are inconsistent with and/or different from the Complaint.

55. Deny.

56. Deny.

57. Defendant admits only that on June 19, 2000, plaintiff filed with the EEOC a charge (no. 170A01422) of discrimination against Rohm and Haas in which plaintiff alleged retaliation and that on September 27, 2000, the EEOC sent Rohm and Haas a notice of that charge of discrimination.  Defendant denies the remaining allegations of paragraph 57.

58. Defendant admits only that on July 11, 2000 (after a hearing on July 10, 2000), the Montgomery County Court of Common Pleas issued an Order (in Civil No. 00-10035), which Order speaks for itself.  Defendant denies the remaining allegations of paragraph 58.

59. Deny.

60. Defendant admits only that upon consideration of the record evidence presented at the multi-day Preliminary Injunction hearing, on April 17, 2001, the Montgomery County Court of Common Pleas issued an Order (in Civil No. 00-10035), which Order speaks for itself.  Defendant denies the remaining allegations of paragraph 60.

61. Deny.

62. Deny.

63. Deny.

64. Defendant admits only that it filed the Complaint in Civil No. 00-10035 (Montgomery County Court of Common Pleas) and moved for a Preliminary Injunction Order in that case. Defendant denies the remaining allegations of paragraph 64.

65. Deny.

66. Defendant admits only that in Civil No. 00-10035 (Montgomery County Court of Common Pleas), it presented allegations and evidence of injury and harm from plaintiff's conduct. Defendant denies the remaining allegations of paragraph 66.

67. Defendant admits only that in Civil No. 00-10035 (Montgomery County Court of Common Pleas), it addressed plaintiff's disclosure of trade secrets and confidential information. Defendant denies the remaining allegations of paragraph 67.

68. Deny.

69. Deny.

70. Defendant denies that any of its conduct or actions toward plaintiff were in retaliation of plaintiff allegedly seeking "the assistance" of the EEOC and/or PHRC regarding compliance with the Settlement Agreement and/or the law.

70A. Deny.

70B. Deny.

70C. Deny.

70D. Deny.

70E. Deny.

70F.    Defendant admits only that it did not list plaintiff as "primary or principal inventor" on patent applications; there is no category or status on a patent application for "primary or principal inventor". Defendant denies the remaining allegations of paragraph 70F.

70G.    Deny as stated. Defendant admits only that consistent with paragraph 5(g) of the Agreement and Release executed by plaintiff on November 17, 1999, it did not always update plaintiff on the status of patent applications (on which she had been named an inventor) after a year of plaintiff's resignation from Rohm and Haas. Defendant denies the remaining allegations of paragraph 70G.

70H.    Deny.

70I.    Deny.

70J.    Deny.

70K.    Deny.

70L.    Deny.

70M.    Deny.

71.     Deny.

72.     Deny.

73.     Deny.

74.     Deny.

75.     Deny.

76.     Deny.

77.     Deny.

78.     Deny.

79. Defendant incorporates herein its above answers to paragraphs 1-78.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Defendant incorporates herein its above answer to paragraphs 1-85.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Defendant incorporates herein its above answers to paragraphs 1-91.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Defendant incorporates herein its above answers to paragraphs 1-97.

99. Deny.

100. Deny.

101. Deny.

102. Defendant admits only that it did not approve the presentation that plaintiff gave on March 28, 2000 at a session of the American Chemical Society meeting. Defendant denies the remaining allegations of paragraph 102.

103. Deny.

104. Defendant admits only that before plaintiff gave her presentation on March 28, 2000 at a session of the American Chemical Society meeting, it orally told her on more than one occasion not to give that presentation and it hand-delivered her a letter dated March 28, 2000 from a Rohm and Haas Senior Counsel, which letter speaks for itself. Defendant denies the remaining allegations of paragraph 104.

105. Deny.

106. Defendant incorporates herein its above answers to paragraphs 1-105.

107. Deny.

108. Deny.

109. Deny.

110. Defendant admits only that it did not approve the presentation that plaintiff gave on March 28, 2000 at a session of the American Chemical Society. Defendant denies the remaining allegations of paragraph 110.

111. Deny.

112. Defendant admits only that before plaintiff gave her presentation on March 28, 2000 at a session of the American Chemical Society meeting, it orally told her on more than one occasion not to give that presentation and it hand-delivered her a letter dated March 28, 2000

from a Rohm and Haas Senior Counsel, which letter speaks for itself. Defendant denies the remaining allegations of paragraph 112.

113. Deny.

114. Defendant incorporates herein its above answers to paragraphs 1-113.

115. Deny.

116. Deny.

117. Deny.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Defendant incorporates herein its above answers to paragraphs 1-123.

125. Deny.

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

132. Defendant incorporates herein its above answers to paragraphs 1-131.

133. Deny.

134. Deny.

135. Deny.

136. Defendant incorporates herein its above answers to paragraphs 1-135.

137. Deny.

138. Deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations or limitations period.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under Title VII and the Pennsylvania Human Relations Act are barred, in whole or in part, by a failure to proceed with and/or exhaust administrative process, procedure and remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on some of her claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled, as a matter of law, to punitive damages on some or all of her claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled, as a matter of law, to recovery of attorneys' fees on any of the state law tort claims in the Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages may be barred in whole or in part by a failure to mitigate.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested as a matter of law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's references to the U.S. Constitution should be stricken because defendant is not a public employer.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE

Some of plaintiff's claims are barred by failure to plead with required particularity and/or specificity.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by doctrines of waiver and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in part by the Pennsylvania Workers' Compensation Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant acted, at all times, for legitimate business reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for defamation and/or false light invasion of privacy are barred by the doctrines of justification, truth, privilege and/or public concern.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages for defamation and/or false light invasion of privacy are barred by the absence of malice or negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for defamation is barred by her failure to allege a published statement or communication capable of having a defamatory meaning as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for invasion of privacy is barred by her failure to allege conduct by defendant that placed her in a false light that would be highly offensive to a reasonable person.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Colorado River doctrine.

Defendant may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate.

WHEREFORE, defendant requests that the Amended Complaint be dismissed with prejudice and that defendant be granted attorneys' fees, costs and all other appropriate relief.

Respectfully submitted,

/s/ **Raymond A. Kresge**
RAYMOND A. KRESGE
ANDREW J. ROLFES
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500
    and
CELIA JOSEPH
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2399
(215) 592-3661

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2003, I caused to be served a true and correct copy of the foregoing Amended Answer to Amended Complaint by first-class mail postage prepaid upon plaintiff's counsel:

>Hugh J. Hutchinson, Esquire
>Leonard, Tillery & Sciolla, LLP
>1515 Market Street
>Suite 1800
>Philadelphia, PA 19102

>/s/ **Raymond A. Kresge**
>RAYMOND A. KRESGE