**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DR. MANHUA MANDY LIN, | : | CIVIL ACTION |
| Plaintiff, | : | 02-3612 |
| v. | : | |
| ROHM AND HAAS COMPANY, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this day of March, 2003, upon consideration of the Defendant Rohm and Haas Company's Motion for Reconsideration or in the alternative for a Stay of This Action (Document No. 19) and the response thereto, it is hereby ORDERED that the Motions are DENIED.[1]

---

[1] "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "Under Rule 59(e), a party [seeking reconsideration] must rely on one of three grounds: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Moy v. M&T Mortgage Corp., No. CIV.A. 01-5693, 2002 WL 1001146, * 1 (E.D. Pa. May 15, 2002)(citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)).

Defendant submits new evidence in the form of a Pennsylvania Superior Court opinion affirming a Court of Common Pleas preliminary injunction enjoining Plaintiff from disclosing trade secrets. Defendant argues that the preliminary injunction is now sufficiently firm to merit preclusive effect. Finding the new evidence unpersuasive, we affirm our previous Order dated February 20, 2003 and deny Defendant's Motion for Reconsideration.

In considering the superior court opinion, we need not decide whether the preliminary injunction has become sufficiently firm at this point. We find that the issues involved in the state court proceedings are not identical to those presented here

BY THE COURT:

J. CURTIS JOYNER, J.

---

because even if collateral estoppel applied, it would not necessarily warrant the dismissal of Plaintiff's retaliation claims. The precise issue before the state court deals with trade secret disclosure and not employment discrimination and retaliation. While this Court can give judicial notice, at the appropriate time, to a state court finding that Plaintiff had disclosed trade secrets in violation of her contractual obligations, Defendant would then only be able to show a "legitimate, non-discriminatory reason" for bringing an action against Plaintiff for injunctive relief. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In a employment discrimination and retaliation claim, the case would not be dismissed at that point, as Defendant suggests. Rather, under the McDonnell Douglas framework, the burden would then shift to the Plaintiff to prove that the adverse action was pretextual. See id. Dismissal of Plaintiff's retaliation claims based solely on the preclusive effect of a preliminary injunction enjoining further trade secret disclosures would be inappropriate at this point because it would "unjustly foreclose matters that have yet to be litigated." Hawksbill Sea Turtle v. FEMA, 126 F.3d 461, 475 (3d Cir. 1997). Therefore, we DENY Defendant's Motion for Reconsideration. Additionally, the Motion for a Stay of Proceedings is also DENIED.