# KLETT ROONEY LIEBER & SCHORLING

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

12TH FLOOR, TWO LOGAN SQUARE
PHILADELPHIA, PENNSYLVANIA 19103-2756
TELEPHONE (215) 567-7500

Raymond A. Kresge
(215) 567-7745
rakresge@klettrooney.com

FACSIMILE (215) 567-2737

June 5, 2003

**_Via Hand Delivery_**

The Honorable J. Curtis Joyner
United States District Court
 for Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 8613
Philadelphia, PA 19106

Re:   Dr. Manhua Mandy Lin v. Rohm and Haas Company
      Civil No. 02-CV-3612

Dear Judge Joyner:

A teleconference has been scheduled for 10:30 a.m. today to address the parties' discovery disputes, which relate in part to the fundamental nature and scope of this litigation. This letter presents a brief overview of the disputes and attaches the written discovery at issue.

I.   Plaintiff's Written Discovery And The Attempt To Re-Litigate
     The Science Of The State Court Case

Through her interrogatories and document requests (which are attached with defendant's objections), plaintiff clearly is attempting to re-litigate all of the complex science of the trade secrets case that has been litigated before the Montgomery County Court of Common Pleas (Civ. No. 00-10035) and the Pennsylvania Superior Court (App. No. 1246).

In the conversation yesterday between counsel that precipitated the scheduling of this teleconference, plaintiff's counsel readily acknowledged that despite the findings of the Pennsylvania Courts, plaintiff wants to re-litigate in this case the science underlying the trade secret issues and the existence of plaintiff's disclosures of defendant's trade secrets. As just one illustrative example of plaintiff's attempt to misuse the civil rights employment laws to re-litigate an intellectual property case, her interrogatory no. 23 asks: "Identify all documents prepared prior to November 30, 1999 by Dr. Lin wherein she identified XRD peaks at 22.4, 27.3, 30.9 and 48.8 degrees 2-theta, as characteristics indicative of a poorly performing catalyst." If permitted, such discovery would dramatically change and expand the scope and nature of this

KRLSPHI:196199.1

PENNSYLVANIA          DELAWARE          NEW JERSEY          WASHINGTON, D.C.

# KLETT ROONEY LIEBER & SCHORLING

Page 2
June 5, 2003

case and would fundamentally convert this case from an employment discrimination case into an intellectual property case.

Defendant respectfully submits that in the March 27, 2003 Opinion, the Court has directed that plaintiff's disclosure of defendant's trade secrets is not to be re-litigated in this case, as plaintiff is now improperly attempting through the vast majority of her written discovery. In the conversation yesterday between counsel, defendant referred to this Court's Opinion entered March 27, 2003 in which the Court stated that "This Court can give judicial notice, at the appropriate time, to a state court finding that plaintiff had disclosed trade secrets in violation of her contractual obligations." In that Opinion, the Court decided not to dismiss this case at that point because plaintiff arguably could attempt to show pretext in some other way, leading to the holding that dismissal "based solely on the preclusive effect of a preliminary injunction enjoining further trade secret disclosures would be inappropriate at this point." Based on the March 27 Opinion, the Court should sustain defendant's objections to plaintiff's discovery.

II.   Plaintiff's Non-Responsiveness To Defendant's Written Discovery

On April 11, defendant served by hand-delivery interrogatories and document requests. Plaintiff responded to the document requests with nothing more than general objections (copy attached). Plaintiff has never provided any specific answers to the document requests or produced any documents. On May 20, defendant's counsel faxed a letter (copy attached) to plaintiff's counsel addressing this gross discovery deficiency and requesting responses and a call to discuss issues. Plaintiff never responded with responses or a call, which led to defendant's counsel calling plaintiff's counsel on June 2, and ultimately discussing the problem on June 4, with plaintiff's cursory response being that plaintiff will send the documents.

In a similar vein, on April 11, 2003, defendant submitted to plaintiff by hand-delivery authorizations for releases of medical records related to plaintiff's claim of severe emotional distress and requested the signed authorizations by April 21. No signed authorizations were ever provided, and no explanation by phone or letter was provided for the refusal to provide authorizations. When defendant's counsel called plaintiff's counsel in early May to discuss this deficiency, plaintiff's counsel responded that he personally obtained a file of psychological records and would produce that file, and so no authorizations would be provided. When that file was not produced, it was expressly raised in the attached May 20 letter to plaintiff's counsel with no response from plaintiff. Since no file has been produced, plaintiff's intentional infliction of emotional distress claim should be dismissed, as well as plaintiff's compensatory damages claims for emotional distress.

KRLSPHI:196199.1

KLETT ROONEY LIEBER & SCHORLING

Page 3
June 5, 2003

    Finally, plaintiff has not answered a number of defendant's interrogatories (a copy of which is enclosed), which deficiencies were addressed in the attached May 20 letter. Plaintiff has not supplemented her interrogatory answers to provide the requested information.

    Since the discovery disputes are so broad, defendant submits this letter and the enclosed discovery so as to provide a context for the Court's consideration of the issues in the teleconference today.

            Respectfully,

            Raymond A. Kresge
            Attorney for Rohm and Haas Company

RAK/kb
cc: Hugh J. Hutchison, Esquire (w/encl.) (by hand-delivery)

KRLSPHI:196199.1