# KLETT ROONEY LIEBER & SCHORLING

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

12TH FLOOR, TWO LOGAN SQUARE
PHILADELPHIA, PENNSYLVANIA 19103-2756
TELEPHONE (215) 567-7500

Raymond A. Kresge
(215) 567-7745
rakresge@klettrooney.com

FACSIMILE (215) 567-2737

May 20, 2003

***Via Telecopier and U.S. Mail***

Hugh J. Hutchison, Esquire
Leonard, Tillery & Sciolla, LLP
1515 Market Street
Suite 1800
Philadelphia, PA 19102

   Re: Lin v. Rohm and Haas Company,
      Civil No. 02-3612 (E.D. Pa.)

Dear Hugh:

   I have reviewed plaintiff Lin's responses to defendant's interrogatories and document requests and write this letter to identify the deficiencies in those responses and as part of a good faith dialogue to resolve discovery issues. Once you have reviewed this letter, please call me to discuss and hopefully resolve the following discovery issues:

  I. <u>Interrogatories</u>

   <u>No. 7</u> -- In response to interrogatory no. 7, plaintiff states that she is "in possession of documents concerning legal costs incurred in defending the Injunction Action", but no such documents have been produced. Even though defendant disputes the ability of plaintiff to recover her Injunction Action legal costs in this case, please produce for discovery those documents concerning legal costs referenced in the answer to interrogatory no. 7.

   <u>No. 8</u> -- In response to interrogatory no. 8, it is stated that "loss of income and earning capacity will be supplied." Please supply that information.

   <u>No. 12</u> -- In response to interrogatory no. 12, plaintiff references a "personal journal periodically maintained" by her. Please produce the entire personal journal. Please note

KRLSPHI:194923.1

PENNSYLVANIA   DELAWARE   NEW JERSEY   WASHINGTON, D.C.

# KLETT ROONEY LIEBER & SCHORLING

Hugh J. Hutchison
May 20, 2003
Page 2

that separately in document request no. 117, defendant requested "each and every diary and journal maintained by plaintiff since January 1, 1999".

<u>No. 13</u> -- In response to interrogatory no. 13, it is stated that Dr. Woods' "medical records [are] to be supplied." Please produce the entire set of Dr. Woods' medical records by May 23, along with a written representation that the entire file has been produced.

<u>No. 16</u> -- Plaintiff's response to interrogatory no. 16, which refers to response to document requests, is unacceptable in that none of the information asked for in interrogatory no. 16 has been provided. Interrogatory no. 16 was written for a reason - - to obtain some detailed answers from plaintiff as to her post-Rohm and Haas employment search and employment history. While defendant disputes the legitimacy of any claim for economic loss by plaintiff given her November 30, 1999 resignation from Rohm and Haas, it appears that plaintiff is nevertheless making a claim for economic loss in this case, and plaintiff has so stated in response to interrogatory no. 8. Please provide the information requested in interrogatory no. 16 in a verified interrogatory answer.

<u>No. 17</u> -- Plaintiff's answer to interrogatory no. 17 in which she states that "all academic and commercial employees of persons in Plaintiff's field are potential future employers" is unacceptable. If there are no specific "potential future employers" being referenced in paragraphs 70K, 120 and 130 of the Amended Complaint, please have plaintiff so state in a supplemental answer to interrogatory no. 17. If there are specific "potential future employers" being referenced in paragraphs 70K, 120 and 130 of the Amended Complaint, please have plaintiff identify them and provide a full answer to interrogatory no. 17.

<u>No. 18</u> -- Plaintiff's answer to interrogatory no. 18, in which she refers to the response to document requests (which response to-date is nothing more than some general objections), is unacceptable. Interrogatory no. 18 was inserted for a reason - - to obtain a verified answer from plaintiff as to which exact documents (by Bate-stamp number) are responsive to a set of particular document requests. While plaintiff could not answer interrogatory no. 18 since she has made no document production, please have plaintiff answer interrogatory no. 18 simultaneously with the document production.

<u>No. 19</u> -- The answer to no. 19 that lists "patent applications for which Rohm and Haas refused to disclose supporting data" is confusing in that it does not seem to address any patent applications under Counts VI and VII. Please correct the answer to no. 19 to the extent that any of the listed patent applications are under Counts VI or VII. Also, please have plaintiff complete the answer to interrogatory no. 19 with a short statement as to the title and subject of each listed patent application and a statement as to whether any of the listed patent applications refer only to paragraph 70 or to Count VI or to Count VII of the Amended Complaint.

KRLSPHI:194923.1

KLETT ROONEY LIEBER & SCHORLING

Hugh J. Hutchison
May 20, 2003
Page 3

        <u>No. 20</u> -- A more complete answer to interrogatory no. 20 is required. Interrogatory no. 20 asks for plaintiff to identify "the person(s) at Rohm and Haas Company who failed and refused to approve the scientific publication or presentation; and identify each document in which Rohm and Haas Company failed and refused to approve the scientific publication or presentation." Please have plaintiff provide the requested information and produce the identified documents. In addition, in the answer to interrogatory no. 20, plaintiff stated that "Rohm and Haas has failed and refused to approve, timely approve, or have withdrawn approval" for the five listed publications/presentations. For each listed publication/presentation, please have plaintiff identify the precise complained-of action - - was it fail to approve, or fail to timely approve, or withdrawn approval?

        <u>No. 21</u> -- The answer to interrogatory no. 21 is insufficient in that the following requested information was not provided - - for each of the listed papers/publications, identify "the person(s) at Rohm and Haas Company who refused to provide the required data and the date of that refusal and identify each document referring or relating to the refusal to provide the required data; and the person(s) at Rohm and Haas Company who refused to provide a timely trade secret review and the exact dates over which it took to do the trade secret review at issue, and identify each document supporting the allegation of a refusal to provide a timely trade secret review." Please have plaintiff provide the requested information and produce the identified documents.

        <u>No. 23</u> -- It is my understanding that plaintiff has prepared grant applications since her resignation from Rohm and Haas on November 30, 1999 on behalf of a corporation(s) with which she has an interest or is otherwise affiliated. While a second request for production of documents was served today to be more precise in this area of grant applications, defendant does request an answer to interrogatory no. 23 that would include grant applications prepared by plaintiff on behalf of EverNu Technology LLC or any other company with which plaintiff has an interest or is otherwise affiliated.

    II.    <u>Document Requests</u>

        To-date, plaintiff has not produced a single document in response to defendant's document requests served on April 11 or provided a single, specific response to any document request. On May 8, you expressed your view in a phone conversation that the document requests were too burdensome to which I responded that the document requests were numerous because the Amended Complaint was a burdensome 138 paragraphs. I also offered a suggestion on how to make the responses easier for you; stated that I was open to discussion on how to make the responses easier; and asked if you had any proposals to which you responded "no". Instead, on May 12, you just served some general objections to defendant's document requests. Some of the general objections do not even belong as "general objections". For example, general objection

# KLETT ROONEY LIEBER & SCHORLING

Hugh J. Hutchison
May 20, 2003
Page 4

no. 6 that plaintiff "objects to each Document Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is not a proper general objection. General objection no. 2 (which also appears in the interrogatories) that objects to "disclosure of the mental impressions, conclusions or opinions of Dr. Lin's *non*-attorney representatives" is not appropriate; should any documents or information be withheld in the interrogatory answers or document production pursuant to this general objection, please advise me. I remain open to discussion regarding defendant's document requests.

We must now set parameters for specific responses to the document requests and for a document production. I propose that plaintiff provide those specific responses and a document production so that they are received in my office by the afternoon of May 23. I propose the same timetable for the completion of the interrogatory answers. Please call me so that we can discuss these discovery issues.

Very truly yours,

Raymond A. Kresge

RAK/kc

KRLSPHI:194923.1

```
** TX STATUS REPORT **                AS OF  MAY 20 2003 18:26     PAGE.01

                                                      KLETT ROONEY


    DATE  TIME       TO/FROM        MODE   MIN/SEC    PGS    JOB#    STATUS
10  05/20 18:24   215 564 4611      EC—S    01'35"    005    059      OK
```

FAXED

# KLETT ROONEY LIEBER & SCHORLING
### A PROFESSIONAL CORPORATION

12TH FLOOR, TWO LOGAN SQUARE
PHILADELPHIA, PENNSYLVANIA 19103-2756
TELEPHONE: (215) 567-7500
FACSIMILE: (215) 567-2737

Date:            May 20, 2003

Number of pages (inclusive):   5

To:              Hugh Hutchison

Recipients Fax #:    215-564-4611

Recipients Phone #:  215-561-6754

From:            Raymond A. Kresge

Client:          R5181        Matter:     228

**MESSAGE:**

If you did not receive all the pages, please call (215) 567-7500

*The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication, attorney-work product and/or joint defense privilege and, as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.*