UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. MANHUA MANDY LIN,               :
                                    :
            Plaintiff,              :
                                    :
      v.                            :        CIVIL ACTION NO. 02-CV-3612
                                    :
ROHM AND HAAS COMPANY,              :
                                    :
            Defendant.              :

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DR. MANHUA MANDY LIN

Pursuant to F.R.Civ.P. 33, defendant Rohm and Haas Company ("defendant"), by and through its attorneys, hereby propounds the following interrogatories to plaintiff Dr. Manhua Mandy Lin (hereinafter "plaintiff" or "Lin"), which must be answered fully and separately in writing, under oath, within thirty (30) days of service. These interrogatories shall be continuing in nature, i.e., plaintiff is under the duty, without further request by defendant, to supplement her answers to any Interrogatory whenever, prior to trial, she receives information which has the effect of rendering any answer inaccurate, inadequate or incomplete.

## I.  DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the terms "person" and "persons" mean any natural person or entity, including without limitation individuals, representative persons, private corporations, governmental entities, municipalities, partnerships, associations, joint ventures, proprietorships, agencies, associations, organizations and other similar entities. The singular and plural forms are used interchangeably, as are the masculine and feminine forms.

B.      "You" or "your" as used herein shall refer to the plaintiff Dr. Manhua Mandy Lin and any person acting on behalf of plaintiff, including but not limited to, her attorneys, or any person acting on behalf of the attorneys representing plaintiff.

C.      "Document" shall have the same meaning as in F.R.Civ.P. 34 and shall mean and include without limitation:  (1) all writings of any kind, including correspondence, memoranda, e-mails,  notes, diaries, contracts, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office correspondence, offers, notations of any sort of conversations, meetings or other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing; (2) all graphic or oral records or representations of any kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and motion pictures; and (3) all electronic, digital, computer, mechanical, or electrical records or representations of any kind, including tapes, cassettes, disks, and recordings.  This definition covers all such documents so defined in your possession and/or control or known by you to exist.

D.      "Identify", when used in reference to a natural person, means to state his or her name, present or last known address and telephone number, and present or last known employer and position or job title at the time of employment.

E.      "Identify", when used in reference to an employer or a prospective employer or any entity other than a natural person, means to state the name or present or last known address of the corporation, partnership, proprietorship, association, or other organization to be identified.

F.      "Identify", when used in reference to a document, means to state the following information with respect to such document:

a.  its date;

b.  its author;

c.  the type of document (e.g. letter, memorandum, telegram, chart, invoice, statement, photograph, videotape recording, computer, reproduction, etc.);

d.  the general subject matter and contents of the document;

e.  its present location and the name of each of its present custodians; or if the document is no longer in your possession, custody or control, the name of its last known custodian, a description of the circumstances under which it passed from your control to that person, and the names of each person having knowledge of such circumstances and/or the present location of the document.

G.  In answering these interrogatories, you shall furnish all information available to you at the time of answering, including without limitation information in the possession of plaintiff's spouse, plaintiff's friends or acquaintances or contacts, and any and all agents, representatives and attorneys of plaintiff.

H.  For each interrogatory answered, identify the person(s) who assisted in the preparation of the answer to the interrogatory.

## II.    INTERROGATORIES

1.    Identify each person known to plaintiff who has knowledge of any fact(s) underlying plaintiff's claims of equal rights and discrimination under 42 U.S.C. § 1981 brought against defendant in Count I of the Amended Complaint. For each person identified: state the person's full name and last-known address; identify and describe the subject-matters about which the person has knowledge; identify all documents in the person's possession, custody or control which are known to plaintiff and which relate to or support any claim in the Amended Complaint; state whether plaintiff intends to call the person as a witness at trial, may call the person as a witness at trial, or will not call the person as a witness at trial; and for each person identified herein as a trial witness or a potential trial witness, describe the facts of the anticipated trial testimony, and identify each document which plaintiff will or may attempt to introduce into evidence in connection with the testimony of such person.

Response:

2.      Identify each person known to plaintiff who has knowledge of any fact(s) underlying plaintiff's claims of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) and under the Pennsylvania Human Relations Act, 43 P.S. § 955 brought against defendants in Counts II, III, IV and V of the Amended Complaint. For each person identified: state the person's full name and last-known address; identify and describe the subject-matters about which the person has knowledge; identify all documents in the person's possession, custody or control which are known to plaintiff and which relate to or support any claim in the Amended Complaint; state whether plaintiff intends to call the person as a witness at trial, may call the person as a witness at trial, or will not call the person as a witness at trial; and for each person identified herein as a trial witness or a potential trial witness, describe the facts of the anticipated trial testimony, and identify each document which plaintiff will or may attempt to introduce into evidence in connection with the testimony of such person.

Response:

3.  Identify each person known to plaintiff who has knowledge of any fact(s) underlying plaintiff's tort claims for defamation and/or invasion of privacy/false light brought against defendant in Counts VI and VII of the Amended Complaint.  For each person identified: state the person's full name and last-known address; identify and describe the subject-matters about which the person has knowledge; identify all documents in the person's possession, custody or control which are known to plaintiff and which relate to or support any claim in the Amended Complaint; state whether plaintiff intends to call the person as a witness at trial, may call the person as a witness at trial, or will not call the person as a witness at trial; and for each person identified herein as a trial witness or a potential trial witness, describe the facts of the anticipated trial testimony, and identify each document which plaintiff will or may attempt to introduce into evidence in connection with the testimony of such person.

<u>Response</u>:

4.    Identify each person known to plaintiff who has knowledge of any fact(s) underlying plaintiff's claim of intentional infliction of emotional distress brought against defendant in Count VIII of the Amended Complaint.  For each person identified:  state the person's full name and last-known address; identify and describe the subject-matters about which the person has knowledge; identify all documents in the person's possession, custody or control which are known to plaintiff and which relate to or support any claim in the Amended Complaint; state whether plaintiff intends to call the person as a witness at trial, may call the person as a witness at trial, or will not call the person as a witness at trial; and for each person identified herein as a trial witness or a potential trial witness, describe the facts of the anticipated trial testimony, and identify each document which plaintiff will or may attempt to introduce into evidence in connection with the testimony of such person.

<u>Response</u>:

5.      Identify each person known to plaintiff who has knowledge of any fact(s) underlying plaintiff's claim of breach of contract brought against defendant in Count IX of the Amended Complaint. For each person identified:  state the person's full name and last-known address; identify and describe the subject-matters about which the person has knowledge; identify all documents in the person's possession, custody or control which are known to plaintiff and which relate to or support any claim in the Amended Complaint; state whether plaintiff intends to call the person as a witness at trial, may call the person as a witness at trial, or will not call the person as a witness at trial; and for each person identified herein as a trial witness or a potential trial witness, describe the facts of the anticipated trial testimony, and identify each document which plaintiff will or may attempt to introduce into evidence in connection with the testimony of such person.

<u>Response:</u>

6.    Identify each person known to plaintiff who has knowledge of any fact(s) underlying plaintiff's claim for punitive damages. For each person identified: state the person's full name and last-known address; identify and describe the subject-matters about which the person has knowledge; identify all documents in the person's possession, custody or control which are known to plaintiff and which relate to or support any claim in the Amended Complaint; state whether plaintiff intends to call the person as a witness at trial, may call the person as a witness at trial, or will not call the person as a witness at trial; and for each person identified herein as a trial witness or a potential trial witness, describe the facts of the anticipated trial testimony, and identify each document which plaintiff will or may attempt to introduce into evidence in connection with the testimony of such person.

<u>Response:</u>

7.    Identify each person known to plaintiff who has knowledge of any fact(s) underlying any aspect of plaintiff's claims for economic compensatory damages (e.g., loss of income) and/or non-economic compensatory damages (e.g., emotional distress, mental anguish). For each person identified: state the person's full name and last-known address; identify and describe the subject-matters about which the person has knowledge; identify all documents in the person's possession, custody or control which are known to plaintiff and which relate to or support any claim in the Amended Complaint; state whether plaintiff intends to call the person as a witness at trial, may call the person as a witness at trial, or will not call the person as a witness at trial; and for each person identified herein as a trial witness or a potential trial witness, describe the facts of the anticipated trial testimony, and identify each document which plaintiff will or may attempt to introduce into evidence in connection with the testimony of such person.

<u>Response:</u>

8.      With respect to your claim for damages in this case, please provide the following information:  state the total amount of damages sought; state precisely and separately each item of damage which you claim, and the amount alleged for each said item; and provide a detailed description as to how the total damages and each itemized element above were calculated, and to the extent not previously provided, state each assumption and fact upon which your calculations of damages were based; and identify each document which mentions, refers to, relates to, reflects or evidences any of your damages in this case, and identify each document which refers or relates to any of the information sought by this Interrogatory; and identify each person who has knowledge of the information sought by this Interrogatory, and for each person identified, state his or her full name, present or last known address and telephone number, present or last known employer and position or job title at the time of employment, and describe what he/she knows.

<u>Response:</u>

9.    Do you intend to call any expert witness(es) at trial?

If your answer is other than an unqualified negative, please answer the following: identify each person you intend to call at trial as an expert witness, and state the subject matter about which each expert is expected to testify; state the substance of the facts and opinions about which the expert is expected to testify, and state the grounds of each opinion about which each expert is expected to testify; for each expert, describe in detail said expert's qualifications, including, but not limited to, the name of each post-high school educational institution attended; the specialty, if any, in which he/she has practiced or earned certification or the equivalent and the nature of any such certification earned; the name of each professional society in which he/she is currently a member, the date joined, offices held and type of membership held currently; and the title, date and place of publication of each professional paper published; with regard to each expert identified, state the full caption of each case or other proceeding in which each such expert previously has testified, whether by deposition or otherwise, state the date of said testimony, and state whether said testimony was by deposition, at a hearing, or at a trial. If the full caption is not available, state the name of each said case, the name of each court or other tribunal in which the case was prosecuted, as well as the approximate date of the trial, hearing or deposition; identify each and every document prepared in connection with this case by the above expert witnesses expected to be called at trial, and attach a copy of each such document; and identify each existing resume or curriculum vitae for each expert identified.

<u>Response</u>:

10.    Other than experts, do you intend to call any witnesses at trial? If your answer is other than an unqualified negative, please answer the following: identify each person you intend to call at trial; and state the subject matter and the substance of the facts about which each witness is expected to testify.

Response:

11.     Have you, your agents, representatives or attorneys, obtained from any person, who is not a party to this case, any document, including, but not limited to, any statement (signed or unsigned) concerning any allegations in this case?  If your answer is in the affirmative, identify each such document and from whom it was obtained and when it was obtained.

<u>Response</u>:

12.    Do you have in your possession, custody or control, or are you aware of, any documents, including calendars, logs, journals, diaries or notes, which refer to, reflect or evidence your appointments or day-to-day activities, or any occurrences involving you which were kept by you or anyone on your behalf during any part or all of January 1999 to the present? If your answer is in the affirmative, identify each such document.

<u>Response</u>:

13.    Identify all medical doctors, psychiatrists, psychologists, therapists, social workers, counselors, nurse practitioners, and all other health and mental healthcare professionals whom you have visited, consulted, or sought treatment for any psychological, emotional or mental condition from at any time during the period January 1, 1996 to the present.  For each person identified, please:  state his/her address; state the date and reason of each visit, consultation, or treatment; state the diagnosis given at each visit, consultation or treatment with each individual; and identify all documents which mention, discuss, describe, relate to, support, refer to, or embody any conversation, consultation or treatment with said individuals, including but not limited to, communications or reports of any kind.

Response:

Done.

14.    Identify all medical doctors, psychiatrists, psychologists, therapists, social workers, counselors, nurse practitioners, and all other health and mental healthcare professionals whom you have visited, consulted or sought treatment from at any time in connection with your "emotional pain", "distress", "suffering", "mental anguish," "embarrassment", "humiliation", "loss of enjoyment of life" and/or "damage to reputation" as alleged in the Amended Complaint. For each person identified, please: state his/her address; state the date and reason of each visit, consultation, or treatment; state the diagnosis given, if any, at each visit, consultation or treatment with each individual; identify each and every medication prescribed for and taken by plaintiff and identify the healthcare professional who prescribed it and/or recommended it; state the time period(s) during which any such medication was taken by plaintiff at any point in her life; and identify all documents which mention, discuss, describe, relate to, support, refer to, or embody any conversation, consultation or treatment with said individual, including but not limited to, communications or reports of any kind.

<u>Response</u>:

15.    Identify all medical doctors, psychiatrists, psychologists, therapists, social workers, counselors, nurse practitioners, and all other health and mental healthcare professionals whom you have visited and/or consulted for the "medical care and treatment" as referenced in paragraph 76 of the Amended Complaint and/or for the "professional care and counseling" as referenced in paragraph 133 of the Amended Complaint.  For each person identified, please: state his/her address; state the date and reason of each visit, consultation or treatment; state the diagnosis given at each visit, consultation or treatment with each individual; identify each and every medication said healthcare professional prescribed for plaintiff and the time period(s) in which plaintiff took the medication; and identify all documents which mention, discuss, describe, relate to, support, refer to, or embody any conversation, consultation or treatment with said individuals, including but not limited to, communications or reports of any kind.

<u>Response</u>:

16.    For the period of November 30, 1999 to present, please:  describe in detail all applications for employment that you have made, including the prospective employer to whom you applied, the job for which you applied, and the date of your application; all offers of employment that you have received, including but not limited to, the details of any such offers, including date of offer, job title, salary, and benefits; your response to each such offer; and the reason(s), if any, that you rejected any such offer; identify each and every employer for whom you have worked, and identify each and every job position you held for each and every employer, and state the exact dates/time period you have held each of your jobs; and state your hourly and annualized pay in each of the jobs you have held and identify and describe the employment benefits in each of the jobs you have held.

<u>Response</u>:

17.     Identify each and every of the "potential future employers" referenced in paragraphs 70K, 120 and 130 of the Amended Complaint. For each identified potential future employer, please state if you sought employment in any way with that potential employer, and if so, how (e.g., letter, phone, etc.) and when, and identify the documents submitted by you in support of your interest in employment with that potential employer (e.g., application, resume, etc.); the dates on which you sought employment with the potential employer; the response of the potential employer to your interest in employment and the means by which that response was communicated (e.g., phone, letter, e-mail, etc.); an identification of each written communication from that potential employer; and if an offer of employment was given to you by the potential employer, state the date of the offer and your response.

<u>Response:</u>

18.     Identify by Bate-stamp numbers the exact document(s) produced by plaintiff in response to each of defendant's document request nos. 17-33. Provide this information separately for each of the document requests. To illustrate, provide the Bate-stamp numbers of the exact document(s) produced by plaintiff in responses to defendant's document request no. 17, then provide the Bate-stamp numbers of the exact document(s) produced by plaintiff in response to defendant's document request no. 18, etc.

<u>Response:</u>

19.    Identify each and every patent application referenced in paragraph 70 of the Amended Complaint, in Count VI of the Amended Complaint (<u>i.e.</u>, ¶¶ 114-123) and in Count VII of the Amended Complaint (<u>i.e.</u>, ¶¶ 124-131).  For each patent application identified in response to this interrogatory, include in that identification the patent office to which the patent application was submitted, the date of the patent application, the title and subject of the patent application, and any identifying patent application number(s) associated with the patent application.  If a responsive patent application refers only to paragraph 70 or to Count VI or to Count VII, please so state.

<u>Response</u>:

20.    Identify each and every of your proposed scientific publications and presentations that Rohm and Haas Company has failed and refused to approve as alleged in paragraphs 70I, 102, and 110 of the Amended Complaint. For each proposed scientific publication and presentation so identified in response to this interrogatory, include in the identification the title and date of the scientific publication or presentation; the journal or other source that was to have published the paper if Rohm and Haas Company had approved it, or the seminar or meeting at which you would have given the presentation if Rohm and Haas Company had approved it; the person(s) at Rohm and Haas Company to whom you submitted the scientific publication or presentation; the person(s) at Rohm and Haas Company who failed and refused to approve the scientific publication or presentation; and identify each document in which Rohm and Haas Company failed and refused to approve the scientific publication or presentation.

Response:

21.     Identify each and every of your scientific papers and publications for which Rohm and Haas Company has refused to provide required data and/or for which Rohm and Haas Company has refused to provide a timely trade secret review as alleged in paragraph 70 and in Counts IV and V of the Amended Complaint.  For each scientific paper and publication so identified in response to this interrogatory, include in the identification the title and date of the scientific paper or publication; the person(s) at Rohm and Haas Company who refused to provide the required data and the date of that refusal and identify each document referring or relating to the refusal to provide the required data; and the person(s) at Rohm and Haas Company who refused to provide a timely trade secret review and the exact dates over which it took to do the trade secret review at issue, and identify each document supporting the allegation of a refusal to provide a timely trade secret review.

Response:

22.    Have you applied for or sought any type or form of disability benefits from any entity (public or private) at any time during November 30, 1999 to present?  If so, for each such type or form of disability benefits, please:  identify from which entity you applied for or sought disability benefits; identify the type(s) of disability benefits that you applied for or sought; state the date(s) on which you applied for or sought disability benefits; state whether or not you received the disability benefits and, if so, the time period that you received the disability benefits and the total amount of disability benefits received; identify all documents referring or relating in any way to any disability benefits that you have applied for or sought at any time since January 1, 1999 (e.g, applications, responses, etc.).

<u>Response</u>:

23.    Have you applied for and/or received any grant monies from any public or private source since November 30, 1999? If so, please: identify each application for grant monies, the date of the application, the projected use of the grant monies, and the acceptance or rejection of that application; identify each award of grant monies, the amount of the award, the date of the award, the exact source of the award (e.g., the particular government agency or the particular private sector source, etc.), the general use of the grant monies, and the precise allocation of each award of grant monies (e.g., amount used for costs and expenses, amount used to compensate plaintiff, etc.); and identify each document referring or relating to the award of any grant monies.

Response:

RAYMOND A. KRESGE
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500
and
CELIA JOSEPH
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2399
(215) 592-3661

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2003, I caused to be served a true and correct copy of the foregoing Defendant's First Set of Interrogatories to Plaintiff Dr. Manhua Mandy Lin by hand-delivery upon plaintiff's counsel:

        Hugh J. Hutchison, Esquire
        Leonard, Tillery & Sciolla, LLP
        1515 Market Street
        Suite 1800
        Philadelphia, PA 19102

        RAYMOND A. KRESGE