UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. MANHUA MANDY LIN<br><br>Plaintiff<br><br>vs.<br><br>ROHM AND HAAS COMPANY<br><br>Defendant | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 02-CV-3612<br>:<br>:  JURY TRIAL DEMANDED<br>: |

**PLAINTIFF DR. MANHUA MANDY LIN'S
RESPONSES AND OBJECTIONS TO DEFENDANT,
<u>ROHM AND HAAS COMPANY'S FIRST SET OF INTERROGATORIES</u>**

Plaintiff Dr. Manhua Mandy Lin ("Dr. Lin") by her attorneys Leonard, Tillery & Sciolla, LLP, hereby serves the following Responses and Objections to Defendant Rohm and Haas Company's First Set of Interrogatories.

**<u>RESERVATION OF RIGHTS</u>**

Dr. Manhua Mandy Lin reserves the right to supplement or amend these responses and objections in the future as may be necessary or appropriate in accordance with the Federal Rules of Civil Procedure. Nothing contained herein shall be construed as an admission by Plaintiff relative to the existence or nonexistence of any information, and no response shall be construed as an admission respecting the relevance or admissibility of any information or the truth or accuracy of any statement or characterization contained in any request. If Defendant subsequently asserts any interpretation of any Interrogatory that differs from Dr. Lin's interpretation, Dr. Lin reserves the right to supplement her own objections and responses.

1

## **GENERAL OBJECTIONS**

Dr. Manhua Mandy Lin objects generally to each and every Interrogatory for the reasons set forth herein, and each General Objection is incorporated into the response to each as if set forth fully therein:

1. Dr. Manhua Mandy Lin objects to each of these Interrogatories to the extent that they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or would result in disclosure of the mental impressions, conclusions, opinions, memorandum, notes or summaries, legal research, or legal theories of Dr. Manhua Many Lin's attorney.

2. Dr. Manhua Mandy Lin objects to each of these Interrogatories to the extent that they seek information that would result in disclosure of the mental impressions, conclusions, or opinions of Dr. Manhua Mandy Lin's non-attorney representatives respecting the value or merit of a claim or defense or respecting strategy tactics.

3. Dr. Manhua Mandy Lin objects to each of these Interrogatories to the extent they seek to impose obligations or burdens beyond those imposed by the Federal Rules of Civil Procedure.

4. Dr. Manhua Mandy Lin objects to each Interrogatory to the extent that it seeks Dr. Lin's trade secret and confidential information.

5. Dr. Manhua Mandy Lin objects to these Interrogatories to the extent that they seek information already in the possession of Rohm and Haas Company or information that is equally available to Rohm and Haas company.

6. Dr. Manhua Mandy Lin objects to each Interrogatory to the extent it is duplicative, unreasonably cumulative and/or oppressive and/or to the extent that it will cause Dr. Lin to incur unnecessary expense.

Without waiver of the foregoing, Plaintiff, Dr. Lin provides the following:

### RESPONSES TO SPECIFIC INTERROGATORIES
### (IN ADDITION TO THE FOREGOING GENERAL OBJECTIONS)

1. In addition to Plaintiff Dr. Manhua Mandy Lin, the following persons associated with Rohm and Haas have knowledge of Plaintiff's claims in Count I of the Amended Complaint:

> Steven A. Freimer
> Dr. Daniel A. Bors
> Dr. Scott Han
> Dr. Michael Fitzpatrick
> Dr. Charles Tatum
> Michael McLaughlin, Esquire
> Paul Chirgott, Esquire
> Celia Joseph, Esquire
> Ann Bowie
> James G. Vorous, Esquire

Each person has knowledge that Dr. Lin was treated in a manner that was different than her non-minority, non-female colleagues. Plaintiff does not know all of the documents in the possession, custody or control of each of the Rohm and Haas witnesses. No decision has been made with respect to what persons will be called witnesses to trial.

2. The following representatives of Rohm and Haas have knowledge of the facts underlying Counts III, III, IV and V of the Amended Complaint:

> Steven Freimer
> Dr. Daniel A. Bors
> Dr. Scott Han
> Dr. Charles Tatum
> Dr. Michael Fitzpatrick
> Paul Chirgott, Esquire
> Marc Adler, Esquire

3

>Kara Ferber Gordon, Esquire
>Ellen Friedell, Esquire
>Michael McLaughlin, Esquire
>Ann Bowie
>Mari Shaw, Esquire,
>Dorian Mazurkevich, Esquire

Each of the foregoing has knowledge of theories and claims set forth in support of the Petition for a Preliminary Injunction and the motivation for pursing that action. Further, each of the foregoing has knowledge of the alleged trade secrets. Plaintiff has no specific knowledge of the specific documents in each person's possession.

The following person associated with the EEOC have knowledge of the facts underlying Counts II, III, IV and V of the Amended Complaint:

>Stanely Braverman, Esquire
>William D. Cook
>Marie Tomasso

Each of the foregoing has knowledge about the charges filed with the EEOC, the investigation conducted by the EEOC, the representations of the various parties made to the EEOC and the conclusions of the EEOC. It is assumed that each of the foregoing has access to all of the documents in the EEOC files regarding Dr. Lin's charges. Plaintiff has not yet determined which persons will be called as a witness at trial.

3. The following persons associated with Rohm and Haas have knowledge of facts underlying the claims set forth in Counts VI and VII of the Amended Complaint:

>Allan Holler, Esquire
>Paul Chirgott, Esquire
>Marc S. Adler, Esquire
>James G. Vorous, Esquire
>Dr. Leonard Bogan, Jr.
>Dr. Fernando Cavalcanti
>Dr. Bradley Jacobs
>Dr. Donald Zolotorofe
>Dr. Daniel Bors

>Dr. Scott Han
>Frederick W. Kaiser
>Dr. Peter Klugherz

The foregoing have knowledge about Dr. Lin's inventorship and the substance of various patent applications in which Dr. Lin has been listed as a co-inventor:

>Dr. Susan Fitzwater
>Richard A. Cummins
>Richard D. Link, III
>Alex Pak
>Elsie Vickery
>Emma Friedman
>Jane McGregor
>Dr. Peter Klugherz
>Michael Linsen
>Frederick Kaiser

The foregoing have knowledge about certain of Dr. Lin's proposed presentations and the opportunity to share in co-authorship for those publications.

>Dr. Shijun Yang

Dr. Yang is familiar with statements made by Rohm and Haas' employees concerning Rohm and Haas' litigation against Plaintiff.

Plaintiff has not determined which persons will be called as a witness at trial.

4. The Rohm and Haas witnesses identified in response to Interrogatory No. 2 have information about the motives supporting Rohm and Haas' pursuit of Dr. Lin in the Injunction Action and the conduct of Rohm and Haas with respect to approval of her proposed presentations. Plaintiff has not determined which persons will be called as witnesses at trial.

Other persons having knowledge of facts supporting Count VIII of the Amended Complaint are:

       Waisi Eng (Plaintiff's husband)

       Dr. Celia Woods
       3941 Commerce Avenue
       Willow Grove, PA 19090

The foregoing have knowledge of the emotional impact that Defendant's conduct has had on Plaintiff. Dr. Woods is in possession of her own medical records. Plaintiff has not yet determined who will be called as a witness at trial.

    5.    Those persons identified as Rohm and Haas witnesses in response to Interrogatory No. 2 have knowledge of facts underlying Count XI of the Amended Complaint. Those persons are aware of the contractual rights and obligations of Dr. Lin and Rohm and Haas and the facts that support the claim for breach of contract.

       Stanley Braverman, Esquire, who mediated the EEOC Settlement Agreement is also aware of the facts underlying the contractual agreement between the parties.

    6.    All of the witnesses identified in response to Interrogatories Nos. 1 through 5, which are incorporated herein by reference, are aware of certain facts that support Plaintiff's claim for punitive damages. Each person is aware of a conduct of Rohm and Haas and it is that conduct that supports the claim for punitive damages.

    7.    Wasi Eng
         Dr. Celia Woods

The foregoing are aware of the facts underlying Plaintiff's claim for loss of income and emotional distress.

       Ann Bowie is aware of facts supporting Plaintiff's claim for loss of income.

Hugh J. Hutchison, Esquire is aware of facts supporting the costs and expenses incurred by Plaintiff to defend the Injunction Action.

Plaintiff and Ann Bowie are in possession of documents respecting historical earnings and other compensation and financial entitlements of Dr. Lin. Dr. Lin is also in possession of documents concerning legal costs incurred in defending the Injunction Action.

8. Dr. Lin's specific damage amounts have not yet been determined. Non-economic damages and punitive damages are not subject to precise calculation. Loss of income and earning capacity will be supplied. Legal fees and costs for the Injunction Action exceed $275,000.00 and are continuing.

9. Not yet determined.

10. Yes; the identity of witnesses at trial have not yet been determined.

11. Yes.

Documents from the EEOC files pertaining to the investigation, analysis and evaluation of the claim have been received;

Documents pertaining to patent applications filed by Defendant have been received from the United States Patent Office;

Medical records concerning the treatment of Dr. Lin by Dr. Woods have been received.

12. Yes.

Certain appointments and activities are reflected in a personal journal periodically maintained by Plaintiff.

13. Dr. Celia Woods. Medical records to be supplied.

14. Dr. Celia Woods.

15. Dr. Celia Woods.

16. See response to Request for Production of Documents.

17. All academic and commercial employers of persons in Plaintiff's field are "potential future employers."

18. See response to Request for Production of Documents.

19. Patent Applications for which Rohm and Haas refused to disclose supporting data include:

    1. US09/754,942 filed with USPTO 1/4/2001.

    2. EP1123738A1 field with EPO 1/30/01.

    3. JP2001259427 filed with JPO 2/9/01.

    4. CN1310042A filed with China SIPO 2/7/01.

    5. US09/677, 389 filed with USPTO 10/2/00.

    6. EP1090684A1 filed with EPO 9/27/00.

    7. CN1319451A filed with China SIPO 9/30/00

    8. JP2001137709 filed with JPO 10/21/00.

    9. US09/962,998 filed with USPTO 9/25/01.

    10. EP1193240A1 filed with EPO 9/25/01.

    11. CN1347866A filed with China SIPO 9/27/01.

    12. JP2002161065 filed with JPO 9/27/01.

    13. US09/962,487 filed with USPTO 9/25/01.

    14. EP1201636A2 filed with EPO 9/25/01

    15. CN1346822A filed with China SIPO 9/27/01.

    16. JP2002179610 filed with JPO 9/28/01.

20. Proposed scientific publications and presentations submitted to Dr. Han that Rohm and Haas has failed and refused to approve, timely approve, or have withdrawn approval are:

    1. ACS Meeting March 2000, submitted 3/21/00.

    2. Lehigh Seminar July 18, 2001, submitted 5/31/01.

    3. ACS Meeting August 26, 2001, submitted abstract and requested needed data 4/20/01.

    4. Northwestern University presentation scheduled August 24, 2001, submitted August 15, 2001.

    5. SBIR Workshop, scheduled December 13, 2001, submitted August 15, 2001.

21. Scientific papers and publications for which Rohm and Haas failed to provide required data or a timely response

    1. ACS Meeting 3/2000; Submitted on 3/21/00.

    2. ACS Meeting 8/2001; Submitted 4/20/01.

    3. Post ACS publication; Submitted 8/15/01.

    4. Post ACS publication; Submitted 8/29/02.

22. No.

23. No.

Respectfully submitted,

Leonard, Tillery & Sciolla, LLP

By: _____
(Hugh J. Hutchison)

Date: 4/12/03

9

## VERIFICATION

I, DR. MANHUA MANDY LIN, hereby verifies that the facts set forth in the foregoing Responses and Objections to Defendant, Rohm and Haas Company's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 28 U.S.C. §1746 relating to unsworn falsification to authorities.

_____
DR. MANHUA MANDY LIN

Date: 5/13/2003

## CERTIFICATE OF SERVICE

I, Danielle A. Diamond, hereby certify that I caused a copy of the foregoing **PLAINTIFF, DR. MANHUA MANDY LIN'S RESPONSES AND OBJECTIONS TO DEFENDANT, ROHM AND HAAS COMPANY'S FIRST SET OF INTERROGATORIES** was served upon the following via email on May 12, 2003 and served upon the following via hand delivery this 13th day of May, 2003:

**Via Hand Delivery**
Raymond A. Kresge, Esquire
Klett Rooney Lieber & Schorling, P.C.
12th Floor Logan Square
Philadelphia, PA 19103-2756

*/s/ Danielle A. Diamond*
Danielle A. Diamond
Legal Assistant to
HUGH J. HUTCHISON, ESQUIRE

Date: 4/13/03