UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. MANHUA MANDY LIN,        :
        :
        Plaintiff,      :
        :
      v.        :      CIVIL ACTION NO. 02-CV-3612
        :
ROHM AND HAAS COMPANY,     :
        :
        Defendant.   :

DEFENDANT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF

        Pursuant to F.R.Civ.P. 34, defendant Rohm and Haas ("defendant" or "Rohm and

Haas") hereby requests that plaintiff Dr. Manhua Mandy Lin produce and permit defendant, by

its attorneys and agents, to inspect and copy or cause to be copied the documents specified

below.  The documents shall be produced within thirty (30) days of this request at the offices of

Klett Rooney Lieber & Schorling, Two Logan Square, 12th Floor, Philadelphia, Pennsylvania

19103.

I.     DEFINITIONS

     A.     As used herein, the words "you" or "your" or "plaintiff" mean plaintiff Dr.

Manhua Mandy Lin and any person or persons acting on behalf of plaintiff, including but not

limited to, her attorneys or any person or persons acting on behalf of the attorneys representing

plaintiff.

     B.     As used herein, the term "document" shall encompass the same meaning as in

F.R.Civ.P. 34 and shall also mean and include without limitation (1) all writings of any kind,

including correspondence, memoranda, e-mails, notes, diaries, contracts, statistics, letters,

telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets,

books, inter-office correspondence, offers, notations of any sort of conversations, meetings or

any other communications, bulletins, printed matter, computer printouts, teletype, telefax,

invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and

amendments of any of the foregoing; (2) all graphic or oral records, or representations of any

kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and

motion pictures; and (3) all electronic, digital, computer, mechanical or electrical records or

representations of any kind, including tapes, cassettes, disks and recordings.  This definition

covers all such documents so defined in your possession and/or control that are known by you to

exist.

II.   <u>INSTRUCTIONS</u>

     1.    In responding to the following requests for production of documents,

plaintiff shall furnish all documents of whatsoever kind which are responsive to any of the

requests below, including without limitation each and every letter, note, memorandum,

videotape, diary, summary, posting, handbook, manual, medical or psychiatric records as well as

all electronic, digital, computer, mechanical, electrical, video and oral records and all graphic

representations of any kind in any plaintiff's possession, custody or control, or that of plaintiff's

attorneys or other agents.

     2.    In responding to the following document requests, plaintiff shall further

file a written response stating separately with respect to each request for documents whether

plaintiff acknowledges having any such documents or claims to have no such documents in her possession, custody or control. With respect to those categories of documents which plaintiff acknowledges having, plaintiff shall further state in written response whether she agrees to produce all such documents in her possession, custody or control to defendant or objects to the production of any such documents, in which latter case, plaintiff shall set forth in detail the nature of each and every objection asserted to any of defendant's requests.

3.     If plaintiff claims that any requested documents are privileged and not subject to discovery, she shall nevertheless timely produce all documents as to which no privilege is claimed. At the same time, plaintiff shall supply defendant with a statement identifying all documents as to which a privilege is claimed by date, author, title, addressee, general subject matter, and shall set forth in detail the nature of the privilege asserted with respect to each document.

4.     Plaintiff shall promptly supplement her production if additional responsive documents are located subsequent to the time of production. However, nothing contained herein shall relieve plaintiff of her duty to perform a diligent search for all requested documents and to produce them initially within the specified time. Nor shall this instruction constitute a waiver of defendant's right to seek the preclusion at trial of any documents not produced in a timely manner or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

III.    <u>DOCUMENTS TO BE PRODUCED</u>

1.    Each and every document identified or referred to in response to any of defendant's written interrogatories.

2.    Each and every document identified or referred to in plaintiff's initial disclosures.

3.    Each and every document identified or referred to in the Amended Complaint.

4.    Each and every document referring or relating in any way to plaintiff's claim for punitive damages as demanded in the Amended Complaint.

5.    Each and every document referring or relating to any way to plaintiff's claim for compensatory damages as demanded in the Amended Complaint.

6.    Each and every document referring or relating in any way to plaintiff's allegations of equal rights under the law and race and national origin discrimination.

7.    Each and every document referring or relating in any way to plaintiff's allegations of retaliation.

8.    Each and every document referring or relating in any way to plaintiff's allegations of defamation.

9.    Each and every document referring or relating in any way to plaintiff's allegations of invasion of privacy/false light.

10.    Each and every document referring or relating in any way to plaintiff's allegations of intentional infliction of emotional distress.

11.     Each and every document referring or relating in any way to plaintiff's allegation of breach of contract.

12.     Plaintiff's federal and state income tax returns, including W-2 Forms and any and all schedules and attachments, for tax years 1999, 2000, 2001 and 2002.

13.     Plaintiff's current resume and all other resumes of plaintiff that have existed since November 30, 1999.

14.     Each and every document referring or relating to any way to any contact by plaintiff with the Equal Employment Opportunity Commission during the period of January 1, 2000 - December 31, 2000.

15.     Each and every document referring or relating in any way to any contact by plaintiff with the Pennsylvania Human Relations Commission during the period of January 1, 2000 - December 31, 2000.

16.     Each and every document referring or relating in any way to any contact by plaintiff with Rohm and Haas Company in the year 2000 regarding any retaliation claim made by plaintiff against Rohm and Haas Company.

17.     Each and every patent application referred to in paragraph 70A of the Amended Complaint.

18.     Each and every patent application referred to in paragraph 70B of the Amended Complaint for which plaintiff was not compensated for her post-employment efforts expenses.

19.    Each and every document referring to or relating to or substantiating in any way plaintiff's "post-employment efforts expenses incurred" as referenced in paragraph 70B of the Amended Complaint.

20.    Each and every assignment of patent rights referred to in paragraph 70C of the Amended Complaint.

21.    Each and every patent application referred to in paragraphs 70D, 115 and 125 of the Amended Complaint.

22.    Each and every patent application referred to in paragraphs 70E, 116 and 126 of the Amended Complaint.

23.    Each and every patent application referred to in paragraphs 70F, 117, 118, 119, 127, 128 and 129 of the Amended Complaint.

24.    Each and every patent application referred to in paragraph 70G of the Amended Complaint.

25.    Each and every proposed presentation referred to in paragraph 70I of the Amended Complaint.

26.    Each and every patent application referred to in paragraphs 121 and 131 of the Amended Complaint.

27.    Each and every scientific presentation and publication referred to in paragraph 70H of the Amended Complaint.

28.    Each and every scientific paper and publication referred to in paragraphs 99 and 107 of the Amended Complaint.

29.    Each and every scientific paper and presentation referred to in paragraphs 100 and 108 of the Amended Complaint.

30.    Each and every scientific paper and presentation referred to in paragraphs 101 and 109 of the Amended Complaint.

31.    Each and every scientific publication and presentation referred to in paragraphs 102 and 110 of the Amended Complaint.

32.    Each and every policy and procedure referred to in paragraph 70J of the Amended Complaint.

33.    Each and every article referred to in paragraph 70L of the Amended Complaint.

34.    Each and every document referring or relating in any way to plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") (as referred to in paragraph 57 of the Amended Complaint), including, but not limited to documents to/from plaintiff and the EEOC and/or PHRC.

35.    Each and every document reflecting a communication between defendant and plaintiff (or vice-versa) regarding plaintiff's presentation to the American Chemical Society in March 2000.

36.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 49 of the Amended Complaint that "on or about April 2, 2000, Dr. Lin made an informal complaint to the EEOC that the actions of

Rohm and Haas in threatening her future employment prior to her presentation to the American Chemical Society were in violation of the terms of the Settlement Agreement and otherwise prohibited by law."

     37.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 50 of the Amended Complaint that "on or about May 23, 2000, the EEOC notified Rohm and Haas that Dr. Lin had complained that Rohm and Haas had repeatedly failed to comply with the Settlement Agreement and was otherwise improperly threatening her or seeking to impose unauthorized obligations on her."

     38.    The May 26, 2000 letter from a representative of defendant to plaintiff as referenced in paragraph 51 of the Amended Complaint and the June 1, 2000 letter from an EEOC representative to defendant as referenced in paragraph 53 of the Amended Complaint.

     39.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegation in paragraph 52 of the Amended Complaint that plaintiff "met with the EEOC mediator who denied that he had ever advised Rohm and Haas that Dr. Lin would not be faithful to her obligations."

     40.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 53 of the Amended Complaint that on or about June 1, 2000, an EEOC representative "hand delivered" a letter to defendant.

     41.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegation in paragraph 56 of the Amended Complaint that "at

the time the Injunction Action was filed, Dr. Lin had no specific scientific presentation contemplated or scheduled."

42.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 58 of the Amended Complaint that on July 11, 2000, Rohm and Haas sought and obtained "a Preliminary Injunction containing terms that are inconsistent with and more burdensome to Dr. Lin than the terms of the EEOC Settlement Agreement or the Agreement and Release."

43.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 59 of the Amended Complaint that "the terms of the Preliminary Injunction insisted on and obtained by Rohm and Haas contain greater restrictions on Dr. Lin's ability to use or discuss scientific information than that imposed on any current or former employee of Rohm and Haas."

44.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 61 of the Amended Complaint that "the terms of the policies represented by Rohm and Haas in Court are far more restrictive than the policies applied by Rohm and Haas to any current or former employee of Rohm and Haas."

45.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 62 of the Amended Complaint that "the representations made in Court by authorized representatives of Rohm and Haas concerning Rohm and Haas' policies were intended to and did effectively foreclose Dr. Lin from seeking future employment and/or pursuing professional opportunities."

46.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 63 of the Amended Complaint that "the injunctive relief pursued by Rohm and Haas was intended to and did effectively deprive Dr. Lin of substantive benefits to which she was entitled under the EEOC Settlement Agreement and the Agreement and Release."

47.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 64 of the Amended Complaint that "Rohm and Haas aggressively litigated the matter and at its insistence obtained a Preliminary Injunction, the terms of which are punitive and more restrictive than the obligations imposed on any present or former Rohm and Haas employee."

48.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 68 of the Amended Complaint that "Rohm and Haas pursued the litigation in a manner calculated to drain Dr. Lin of her resources before the matter could be resolved on the merits."

49.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70A of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has demanded that Dr. Lin execute patent applications for certain of her inventions while refusing to disclose to her the substance of the application and the underlying data."

50.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70B of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has refused to compensate Dr. Lin for her post-employment efforts expenses incurred on multiple patent applications on behalf of Rohm and Haas as required by the Settlement Agreement and Agreement and Release."

51.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70C of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has insisted that Dr. Lin execute assignments and certain patent rights without disclosing the substance of the patent claims to her."

52.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70D of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has filed patent applications for Dr. Lin's inventions and in her name without consulting with her or giving her an opportunity to review and approve the applications concerning her invention."

53.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70E of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has filed patent applications for Dr. Lin's inventions listing other persons as inventors who were not the inventors of the inventions."

54.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70F of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has filed patent applications for inventions where Dr. Lin was the primary or principal inventor, while refusing to acknowledge that status."

55.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70G of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has failed and refused to provide Dr. Lin with information concerning the current status of applications for patents for which she is an inventor."

56.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70H of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require

Rohm and Haas to comply with its obligations under the Settlement Agreement and law, Rohm and Haas has refused to timely approve proposed scientific presentations and publications despite the full knowledge that the proposed presentations and publications contained no Rohm and Haas trade secret information."

57.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70I of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas affirmatively interfered with Dr. Lin's efforts to obtain employment in the scientific community by withholding trade secret approval of her proposed presentations or delaying trade secret review of an unwarranted and unnecessary length of time."

58.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70J of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has insisted that Dr. Lin comply with policies and procedures that are more burdensome and restrictive than applied to any other current or former employee."

59.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70K of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm

and Haas has disparaged Dr. Lin's good name and reputation in the scientific community, including potential employers."

   60. Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70L of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has published articles circulated to all Rohm and Haas employees worldwide suggesting that Dr. Lin misappropriated confidential information and trade secrets and was willing to disclose that information to third parties until stopped by legal action."

   61. Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 70M of the Amended Complaint that "subsequent to learning of Dr. Lin's effort to seek the assistance of the EEOC and PHRC to require Rohm and Haas to comply with its obligations under the Settlement Agreement and the law, Rohm and Haas has threatened Dr. Lin with additional legal action and adverse employment actions if she continues to assert her rights as established by agreement and by law."

   62. Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 71 of the Amended Complaint that "all of the foregoing conduct was a continuation of the discrimination and retaliation based on [plaintiff's] race and national origin that had characterized Rohm and Haas' conduct during Dr. Lin's employment."

63.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 71 of the Amended Complaint that "all of the foregoing conduct was . . . retaliation against Dr. Lin for asserting her rights before the EEOC and PHRC and seeking the benefit of the EEOC/PHRC's enforcement proceedings."

64.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 72 of the Amended Complaint that "Rohm and Haas' justification for its conduct is transparent and pretextual."

65.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 73 of the Amended Complaint that "as a direct and proximate result of the conduct of Rohm and Haas, Dr. Lin has been unable to attend to her personal and professional obligations to her great detriment and loss."

66.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 74 of the Amended Complaint that "as a direct and proximate result of the conduct of Rohm and Haas, Dr. Lin has suffered severe emotional distress, embarrassment, emotional pain and suffering."

67.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 74 of the Amended Complaint that "as a direct and proximate result of the conduct of Rohm and Haas, Dr. Lin has suffered . . . inconvenience, loss of life's pleasures and diminution of her reputation and standing in the community."

68.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 75 of the Amended Complaint that "as a direct and proximate result of the conduct of Rohm and Haas, Dr. Lin has suffered and continues to suffer severe economic harm, including a loss of past and future wages and benefits and a loss of past and future professional opportunities.

69.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 76 of the Amended Complaint that "as a direct and proximate result of the conduct of Rohm and Haas, Dr. Lin has been caused to incur and continues to incur substantial costs and expenses to defend herself from Rohm and Haas' retaliatory claims."

70.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 76 of the Amended Complaint that "as a direct and proximate results of the conduct of Rohm and Haas, Dr. Lin has been caused to incur and continues to incur substantial cost and expenses . . . for medical care and treatment."

71.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 77 of the Amended Complaint that "the conduct of Rohm and Haas has been characterized by a knowing and intentional disregard for Dr. Lin's rights and/or reckless and callous indifference to her rights and serves no legitimate interest of Rohm and Haas."

72.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 78 of the Amended Complaint that "at

all times material hereto, the conduct of Rohm and Haas has been outrageous in that it has been devoid of a proper purpose, knowingly intended to harass and cause the maximum detriment and injury to Dr. Lin and represents a misuse and abuse of the legal system and is so cruel and malicious as to shock the conscience of Court and warrant the imposition of punitive damages."

73.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 80 of the Amended Complaint that "during Dr. Lin's employment with Rohm and Haas, Rohm and Haas engaged in a persistent and pervasive series of discriminatory acts intended to deprive Dr. Lin of the benefits and rights enjoyed by other employees who are of non-Chinese extraction."

74.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 81 of the Amended Complaint that "subsequent to Dr. Lin's resignation, Rohm and Haas continued its discriminatory activities and has repeatedly and persistently engaged in discriminatory conduct intended to deprive Dr. Lin of the benefits, privileges, terms and conditions of her contractual relationship with Rohm and Haas."

75.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 82 of the Amended Complaint that "in seeking injunctive relief, Rohm and Haas applied policies, terms and conditions to Dr. Lin and to Dr. Lin's conduct that are inconsistent with her contractual rights and have discriminated against her based on her race and national origin."

76.     Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 83 of the Amended Complaint that

"the discriminatory conduct of Rohm and Haas has impaired her right to make and enforce contracts and to the full and equal benefit of all laws and proceedings as enjoyed by persons of non-Chinese extraction and has subjected her to punishment and penalties that are more severe than those employees and persons of non-Chinese extraction."

77.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 84 of the Amended Complaint that "the conduct of Rohm and Haas has been undertaken with an evil and malicious motive and is in violation of the protections afforded by § 1981."

78.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 85 of the Amended Complaint that "as a direct result of the conduct of Rohm and Haas, Dr. Lin has suffered and continues to suffer injuries and damage aforesaid."

79.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 88 and 94 of the Amended Complaint that "representations and claims asserted by Rohm and Haas in support of its claim for injunctive relief were pretextual and were known by Rohm and Haas to be false and without substantive merit."

80.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 89 and 95 of the Amended Complaint that "Rohm and Haas' pursuit of Dr. Lin by filing an Injunction Action and the aggressive, tenacious and wrongful subsequent pursuit of that claim served no substantive purpose and was a continuation

of the discrimination and retaliation based on her race and national origin that had characterized Rohm and Haas' conduct during Dr. Lin's employment."

81.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 90 of the Amended Complaint that "Rohm and Haas' pursuit of Dr. Lin by filing the Injunction Action and seeking injunctive relief was in retaliation against Dr. Lin for asserting her rights before the EEOC."

82.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 91 of the Amended Complaint that "the injunction action would not have been filed had Dr. Lin not asserted charges against Rohm and Haas before the EEOC and sought the benefit of the EEOC's enforcement proceedings."

83.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 96 of the Amended Complaint that "Rohm and Haas' pursuit of Dr. Lin in filing the Injunction Action and seeking injunctive relief was in retaliation against Dr. Lin for asserting her rights before the PHRC."

84.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 97 of the Amended Complaint that "the Injunction Action would not have been filed had Dr. Lin not asserted her rights before the PHRC and sought the benefit of the PHRC's enforcement proceedings."

85.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 99 and 107 of the Amended Complaint that despite its agreement or its initial acknowledgment that "Dr. Lin had the right to

publish scientific papers and make scientific presentations and to retain and use Rohm and Haas'
data for the preparation of those papers and presentations, since June, 2000 Rohm and Haas has
consistently frustrated Dr. Lin's ability to prepare and present scientific papers and publications by
refusing to provide data required for the preparation of those presentations and preparations."

86.     Each and every document which mentions, discusses, describes, relates to,
refers to or embodies in any way the allegations in paragraphs 100 and 108 of the Amended
Complaint that "Rohm and Haas has consistently refused to provide data in a timely fashion for the
sole purpose of hindering Dr. Lin's ability to prepare scientific papers and presentations."

87.     Each and every document which mentions, discusses, describes, relates to,
refers to or embodies in any way the allegations in paragraphs 101 and 109 of the Amended
Complaint that "Rohm and Haas has consistently failed and refused to provide a timely trade secret
review of Dr. Lin's proposed scientific papers and presentations."

88.     Each and every document which mentions, discusses, describes, relates to,
refers to or embodies in any way the allegations in paragraphs 102 and 110 of the Amended
Complaint that "Rohm and Haas has failed and refused to approve Dr. Lin's proposed scientific
publications and presentations despite full knowledge that the proposed presentations and
publications contained public information and not Rohm and Haas' trade secret information."

89.     Each and every document which mentions, discusses, describes, relates to,
refers to or embodies in any way the allegations in paragraphs 103 and 111 of the Amended
Complaint that "Rohm and Haas has adopted a policy of hindering or precluding scientific
publications and presentations by Dr. Lin solely for the purpose of undermining her ability to obtain

employment in her field, to take advantage of professional opportunities and to otherwise advance her professional career."

90.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 104 and 112 of the Amended Complaint that "the conduct of Rohm and Haas as aforesaid is in furtherance of the threats made by Rohm and Haas prior to Dr. Lin's presentation to the American Chemical Society in March 2000 and is a continuation of the discrimination and retaliation based on her race and national origin that had characterized Rohm and Haas' conduct during Dr. Lin's employment."

91.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 105 of the Amended Complaint that "the conduct of Rohm and Haas as aforesaid is in retaliation against Dr. Lin for asserting her rights before the EEOC and seeking benefits of the EEOC enforcement proceedings and would not have occurred had she not filed charges before the EEOC."

92.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 113 of the Amended Complaint that "the conduct of Rohm and Haas as aforesaid is in retaliation against Dr. Lin for asserting her rights before the PHRC and seeking benefits of the PHRC enforcement proceedings and would not have occurred had she not filed charges before the PHRC."

93.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 115 and 125 of the Amended Complaint that "subsequent to the termination of Dr. Lin's employment with Rohm and Haas, Rohm

and Haas filed one or more patent applications for inventions in which Dr. Lin was the inventor without Dr. Lin's knowledge, permission or opportunity to review the description of the invention."

94. Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 116 and 126 of the Amended Complaint that "the patent application(s), as drafted and filed by Rohm and Haas, added the names of multiple people as co-inventors of Dr. Lin's invention who did not contribute to the concepts of Dr. Lin's inventions and, by law, were not co-inventors."

95. Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 117 and 127 of the Amended Complaint that "as the inventor of invention, Dr. Lin's name should have been given primacy on the patent application."

96. Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 118 and 128 of the Amended Complaint that "solely for the purpose of denigrating her scientific achievement and to deprive her of credit for sole inventorship, Rohm and Haas listed Dr. Lin's name in the patent applications at or near the bottom of the list of co-inventors."

97. Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 119 and 129 of the Amended Complaint that "solely for the purpose of the degrading her scientific achievement and to deprive her of credit for sole inventorship, Rohm and Haas filed patent applications for Dr. Lin's inventions

in combination with derivative concepts so as to obscure her identification as to sole or primary inventor of the core invention."

98.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 120 of the Amended Complaint that "the conduct of Rohm and Haas was intended to and did disparage Dr. Lin's scientific reputation in the scientific community and with potential future employers."

99.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraphs 121 and 131 of the Amended Complaint that "members of the scientific community who have reviewed or will review the published patent application will be misled and will believe that the inventions are not the inventions of Dr. Lin, thereby depriving her of the advantage of enhancing her reputation in the scientific community and otherwise damaging her good name and reputation in the community."

100.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 122 of the Amended Complaint that "Rohm and Haas has otherwise published defamatory remarks and statements that either directly, or by implication, are intended to and do disparage Dr. Lin's name and reputation."

101.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 123 of the Amended Complaint that "at the time Rohm and Haas published defamatory communications, Rohm and Haas knew that the publications were false or acted with reckless disregard as to their falsity."

102.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 130 of the Amended Complaint that "the conduct of Rohm and Haas was intended to and did place Dr. Lin and her reputation in a false light within the scientific community and with potential future employers."

103.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 133 of the Amended Complaint that "the conduct of Rohm and Haas was intended to and did inflict severe emotional distress on Dr. Lin, causing her to be unable to attend to her usual personal and professional obligations, to be deprived of sleep, to become depressed, and to require professional care and counseling."

104.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 134 of the Amended Complaint that "the conduct of Rohm and Haas further caused severe and continuing emotional pain, distress and suffering, mental anguish, humiliation, and loss of enjoyment of life's pleasures."

105.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 135 of the Amended Complaint that "the conduct of Rohm and Haas has been outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is intolerable in a civilized community."

106.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 137 of the Amended Complaint that "the conduct of Rohm and Haas as aforesaid, breached the terms and conditions of the EEOC Settlement Agreement and the Agreement and Release to Dr. Lin's great detriment and loss."

107.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way the allegations in paragraph 138 of the Amended Complaint that "the conduct of Rohm and Haas as aforesaid and was intended to and did frustrate the agreement of the parties to the Settlement Agreement and Agreement and Release and deprived Dr. Lin of the benefits to which she was entitled to under the Agreement."

108.    Each and every document reflecting plaintiff's communications with Rohm and Haas and during the period of November 1, 1999 through present.

109.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way plaintiff's claims of damages in the Amended Complaint, including but not limited to:

a.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way any analysis and/or estimate of any alleged financial loss for which plaintiff seeks recovery in this action;

b.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way each and every bill, amount, note, statement of account, check, receipt or other document of any kind that substantiates, reflects, or in any way refers or relates to any alleged financial loss for which plaintiff seeks recovery in this action;

c.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way each and every document of any kind that substantiates, reflects, or in any way refers or relates to any other claim of damages in this action.

110.    Each and every document referring or reflecting monies, benefits or grants received by plaintiff from any employers, businesses, government or other sources (other than Rohm and Haas) since November 30, 1999 including but not limited to:

    a.    Salary, wages, commissions, or profits;

    b.    Bonus pay;

    c.    Sick pay;

    d.    Severance pay;

    e.    Grants;

    f.    Disability benefits;

    g.    Insurance benefits;

    h.    Workers' Compensation benefits;

    i.    Unemployment Compensation benefits;

    j.    Social Security disability benefits;

    k.    Any other income or benefits of whatsoever kind.

111.    Each and every document reflecting or referring in any way to plaintiff's efforts to obtain employment with any employer since November 30, 1999, including but not limited to:

    a.    Any and all letters, resumes, or bios submitted by plaintiff to prospective employers;

    b.    Any and all applications for employment completed by plaintiff;

        c.      Any and all documents from prospective employers with employment offers or employment rejections;

        d.      Any and all responses by plaintiff to employment offers from prospective employers.

      112.    Each and every document reflecting or in any way referring to the termination (if any) of plaintiff's employment by and/or resignation and/or other separation from employment with any employer since November 30, 1999, including, but not limited to,

        a.      Any and all termination and/or layoff notices received by plaintiff;

        b.      Any and all letters of resignation or other similar notices submitted by plaintiff.

      113.    All documents which mention, discuss, describe, relate to, refer to or embody any business or financial interest plaintiff possesses or has possessed in any business, firm, company, or enterprise since November 30, 1999.

      114.    All documents which mention, discuss, describe, relate to, refer to or embody grant(s) that plaintiff has obtained from any public or private source since November 30, 1999.

      115.    Each and every document that refers or relates in any way to application(s) for grants from any public or private source submitted by plaintiff since November 30, 1999.

      116.    All pleadings, charges and complaints for any legal proceeding (other than the instant lawsuit against Rohm and Haas), civil or criminal, judicial or administrative, in which plaintiff has been involved as a party.

117.    Each and every diary and journal maintained by plaintiff since January 1, 1999.

118.    Each and every calendar, appointment book and other comparable document maintained by plaintiff since January 1, 1999.

119.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way any medical, psychiatric, or psychological treatment or counseling received by plaintiff for any psychological, emotional or mental condition since January 1, 1996, including but not limited to, the reports, notes, bills and other documents of physicians, psychiatrists, psychologists, therapists, counselors, social workers, and any other health care or mental health care professionals.

120.    Each and every document received by plaintiff from any doctor, therapist or other health care/mental health care professional that refers or relates in any way to the alleged "medical care and treatment" as referenced in paragraph 76 of the Amended Complaint and/or to the "professional care and counseling" as referenced in paragraph 133 of the Amended Complaint.

121.    Each and every document received by plaintiff from any doctor, psychiatrist, psychologist, therapist, counselor or other health or mental health care professional that refers or relates in any way to plaintiff's alleged "emotional pain," "distress," "suffering," "mental anguish," "embarrassment," "humiliation," "loss of enjoyment of life" and/or "damage to reputation" as alleged in the Amended Complaint.

122.    Each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way each and every document prepared or received by plaintiff referring

in any way to any allegation contained in the Amended Complaint or in connection with any action with respect to the events upon which the instant action is based.

123.    Each and every videotape or audiotape (if any) that in any way refers to or relates to any of the allegations or events in this case.

124.    Each and every statement prepared or received by plaintiff referring in any way to any allegation contained in the Amended Complaint.

125.    Each and every document not previously requested which mentions, discusses, describes, relates to, refers to or embodies any of plaintiff's claims of wrongdoing asserted in the Amended Complaint and/or which supports any of plaintiff's claims for damages.

RAYMOND A. KRESGE
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500
        and
CELIA JOSEPH
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2399
(215) 592-3661

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2003, I caused to be served a true and correct copy of the foregoing Defendant's First Request for Production of Documents to Plaintiff by hand-delivery upon plaintiff's counsel:

Hugh J. Hutchison, Esquire
Leonard, Tillery & Sciolla, LLP
1515 Market Street
Suite 1800
Philadelphia, PA 19102

RAYMOND A. KRESGE