UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. MANHUA MANDY LIN, :
:
            Plaintiff, :
:
v. :   CIVIL ACTION NO. 02-CV-3612
:
ROHM AND HAAS COMPANY, :
:
            Defendant. :

DEFENDANT'S SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF

      Pursuant to F.R.Civ.P. 34, defendant Rohm and Haas ("defendant" or "Rohm and Haas") hereby requests that plaintiff Dr. Manhua Mandy Lin produce and permit defendant, by its attorneys and agents, to inspect and copy or cause to be copied the documents specified below. The documents shall be produced within thirty (30) days of this request at the offices of Klett Rooney Lieber & Schorling, Two Logan Square, 12th Floor, Philadelphia, Pennsylvania 19103.

I.      **DEFINITIONS**

      A.      As used herein, the words "you" or "your" or "plaintiff" mean plaintiff Dr. Manhua Mandy Lin and any person or persons acting on behalf of plaintiff, including but not limited to, her attorneys or any person or persons acting on behalf of the attorneys representing plaintiff.

      B.      As used herein, the term "document" shall encompass the same meaning as in F.R.Civ.P. 34 and shall also mean and include without limitation (1) all writings of any kind,

KRLSPHI:194834.1

including correspondence, memoranda, e-mails, notes, diaries, contracts, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office correspondence, offers, notations of any sort of conversations, meetings or any other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing; (2) all graphic or oral records, or representations of any kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and motion pictures; and (3) all electronic, digital, computer, mechanical or electrical records or representations of any kind, including tapes, cassettes, disks and recordings. This definition covers all such documents so defined in your possession and/or control that are known by you to exist.

II.   INSTRUCTIONS

1.   In responding to the following requests for production of documents, plaintiff shall furnish all documents of whatsoever kind which are responsive to any of the requests below, including without limitation each and every letter, note, memorandum, videotape, diary, summary, posting, handbook, manual, medical or psychiatric records as well as all electronic, digital, computer, mechanical, electrical, video and oral records and all graphic representations of any kind in any plaintiff's possession, custody or control, or that of plaintiff's attorneys or other agents.

2.   In responding to the following document requests, plaintiff shall further file a written response stating separately with respect to each request for documents whether

plaintiff acknowledges having any such documents or claims to have no such documents in her possession, custody or control. With respect to those categories of documents which plaintiff acknowledges having, plaintiff shall further state in written response whether she agrees to produce all such documents in her possession, custody or control to defendant or objects to the production of any such documents, in which latter case, plaintiff shall set forth in detail the nature of each and every objection asserted to any of defendant's requests.

3. If plaintiff claims that any requested documents are privileged and not subject to discovery, she shall nevertheless timely produce all documents as to which no privilege is claimed. At the same time, plaintiff shall supply defendant with a statement identifying all documents as to which a privilege is claimed by date, author, title, addressee, general subject matter, and shall set forth in detail the nature of the privilege asserted with respect to each document.

4. Plaintiff shall promptly supplement her production if additional responsive documents are located subsequent to the time of production. However, nothing contained herein shall relieve plaintiff of her duty to perform a diligent search for all requested documents and to produce them initially within the specified time. Nor shall this instruction constitute a waiver of defendant's right to seek the preclusion at trial of any documents not produced in a timely manner or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

III.   DOCUMENTS TO BE PRODUCED

1. The U.S. Department of Energy Grant No. DE-FG02-02ER83420.

2. Any and all grant applications associated with U.S. Department of Energy Grant No. DE-FG02-02ER83420.

3. Any and all documents referring to or relating in any way to the award of U.S. Department of Energy Grant No. DE-FG02-02ER83420.

4. Any and all documents referring or relating in any way to the receipt of any monies by plaintiff (and/or any corporation, LLC, partnership or other business entity in which plaintiff has an ownership interest or which plaintiff is associated with in any way) from U.S. Department of Energy Grant No. DE-FG02-02ER83420.

5. Any and all grant applications since November 30, 1999 in which plaintiff has had any role in the preparation.

6. Any and all grants awarded since November 30, 1999 to plaintiff or to any corporation, LLC, partnership or other business entity in which plaintiff has an ownership interest or which plaintiff is associated with in any way.

7. Any and all documents referring or relating in any way to the receipt of any monies from any of the grants responsive to request no. 6.

8. Any and all documents referring or relating in any way to plaintiff's ownership interest in, association with or employment by EverNu Techonology LLC.

9. Any and all documents referring or relating in any way to any income or compensation, in any form, received by plaintiff from EverNu Technology LLC.

10. Any and all grant applications made by or on behalf of EverNu Technology LLC since November 30, 1999.

11. Any and all grants awarded since November 30, 1999 to EverNu Technology LLC.

12. Any and all documents referring or relating in any way to the receipt of any monies by plaintiff or EverNu Technology LLC from any of the grants responsive to request no. 12.

_____
RAYMOND A. KRESGE
ANDREW J. ROLFES
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500
    and
CELIA JOSEPH
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2399
(215) 592-3661

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 20TH day of May 2003, I caused to be served a true and correct copy of the foregoing Defendant's First Request for Production of Documents to Plaintiff by hand-delivery upon plaintiff's counsel:

> Hugh J. Hutchison, Esquire
> Leonard, Tillery & Sciolla, LLP
> 1515 Market Street
> Suite 1800
> Philadelphia, PA 19102

_____
ANDREW J. ROLFES

KRLSPHI:194834.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June 2003, I caused to be served a true and correct copy of the foregoing Defendant's Memorandum of Law In Support of Motion to Compel by hand-delivery upon plaintiff's counsel as follows:

>Hugh J. Hutchison, Esquire
>Leonard, Tillery & Sciolla, LLP
>1515 Market Street
>Suite 1800
>Philadelphia, PA 19102

_____
RAYMOND A. KRESGE

KRLSPHI:196304.1