UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. MANHUA MANDY LIN                  :
                                      :
          Plaintiff                   :
                                      :
     vs.                              :     CIVIL ACTION NO.  02-CV-3612
                                      :
ROHM AND HAAS COMPANY                 :
                                      :     JURY TRIAL DEMANDED
          Defendant                   :

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

**I.    INTRODUCTION**

Plaintiff, Dr. Manhua Mandy Lin and Defendant, Rohm and Haas Company have filed reciprocal paper discovery in this case.  Dr. Lin has filed Interrogatories and Requests for Production of documents on Rohm and Haas and Rohm Haas has served the same categories of discovery on Dr. Lin.  In response to the interrogatories propounded by Rohm and Haas, Dr. Lin timely submitted substantive responses and objections, although some of the responses did, in fact, refer to responses to Request for Production of Documents that had not yet been completed.  Conversely, Rohm and Haas has responded to both Plaintiff's Interrogatories and Request for Production of Documents with virtually no substantive information whatsoever.

As a result of the reciprocal discovery responses there have been communications between counsel in an effort to resolve outstanding discovery disputes.  Counsel for Dr. Lin has acknowledged that substantive information would be provided to the extent required, or appropriate.  However, Rohm and Haas served more than one hundred thirty

separate categories of Request for Production of Documents, each of which requests a comprehensive designation of "each and every document which mentions, discusses, describes, relates to, refers to or embodies in any way" the specific requests. A number of the document requests overlap and the identification of responsive documents will clearly overlap. Moreover, the broad definition of the nature of the documents responsive to each requests requires interpretation and, for Plaintiff to err on the side of inclusiveness, may effectively negate the actual substantive response that Rohm and Haas had intended. For example, Request for Production of Document Number 4 requires the identification of "each and every document relating in any way to Plaintiff's claim for punitive damages." As Plaintiff believes that the entire State Court litigation was a sham and a retaliatory act, each and every document pertaining to the State Court litigation, Rohm and Haas' failure to provide substantive responses to discovery in this litigation, and all documents pertaining to the original claims of discrimination when Dr. Lin was employed at Rohm and Haas "relate" to Plaintiff's claim for punitive damages. The manner in which Rohm and Haas has framed virtually all of its requests for production suffer from the same deficiency in that, in order to meet the broad terms of the requests, Plaintiff's response may undermine the substantive intent of the specific document requests. Therefore, counsel for Dr. Lin sought to resolve this inherent deficiency in Defendant's discovery requests as well as to obtain some relief from the burdensome and overbroad nature of the discovery requests. Counsel for Rohm and Haas insisted the document requests were to be answered as propounded. Counsel for Dr. Lin advised that the sheer volume of document review would require additional time but that counsel

would use his best efforts to provide a substantive response although it might take longer to provide that response than would otherwise be required.

Plaintiff has, in fact, identified several thousand documents that are responsive to Rohm and Haas' requests, each of which are presently in the possession of Rohm and Haas. Counsel for Dr. Lin is continuing the effort to identify the specific documents that are responsive to each of the individual requests.

Although counsel for Dr. Lin has promised to provide substantive information and has been making a good faith effort to supply substantive information to opposing counsel, counsel for Rohm and Haas has remained adamant that no substantive information would be supplied in response to the vast majority of Plaintiff's discovery requests. It was counsel for Plaintiff that initiated the prospect of seeking Court intervention to resolve the discovery dispute as counsel for Defendant was recalcitrant with respect to any suggestion or possibility of providing substantive information. Knowing that counsel for Defendant had agreed to supply substantive information and was continuing his efforts to identify the documents that relate to specific requests, it is apparent that counsel for Rohm and Haas did not want to be in a position where a discovery Motion was filed on behalf of Plaintiff without the tactical advantage of claiming that Plaintiff was likewise in violation of his discovery obligations. It is respectfully submitted that Plaintiff has and continues to attempt to provide substantive responses to discovery and that this Motion represent little more than a defensive strategy in opposition to Plaintiff's Motion to Compel.

## II. SPECIFIC DISCOVERY REQUESTS

### A. Medical/Psychiatric Records

As a direct result of the conduct of Rohm and Haas, Dr. Lin has suffered severe and debilitating anxiety, depression and emotional trauma. She has sought and obtained mental health counseling and treatment at the Creekwood Center associated with Abington Memorial Hospital. Her primary treating physician is Dr. Celia Woods, the Medical Director of the Creekwood Center. Copies of the records of treatment from the Creekwood Center have been obtained and supplied to counsel for Rohm and Haas as promised.

In its Motion to Compel, Rohm and Haas seeks sanctions because Plaintiff failed to identify "Dr. P. Fiesca" as a treating physician for her mental health problems. In fact, Dr. Fiesca is a PhD psychologist who saw Dr. Lin several times at the outset of her treatment. She has not seen him in almost two years. He works in the same practice has Dr. Woods and is effectively a therapist working under Dr. Woods. At the time that Dr. Lin responded to interrogatories and provided her initial disclosure, she did not specify "Dr. Fiesca" as a separate healthcare provider as, in her mind, she was always under the care of Dr. Celia Woods. To the extent that Dr. Fiesca prepared notes of any care or treatment of Dr. Lin, they are included with the notes of Dr. Woods and have been supplied to counsel for Defendant.

Whether it was a misunderstanding or inadvertent oversight, the failure to identify a therapist working in the same practice as the identified treating physician is not an attempt to mislead or misrepresent the nature and identity of the mental health provider who was responsible for all of the care and treatment of Dr. Lin. Dr. Lin faithfully and

accurately reported that her treatment has been provided by Dr. Celia Woods. That statement remains accurate. Defendants' request for sanctions is unwarranted and should be dismissed.

    **B.**    **Document Requests**

As set forth above, all of the documents responsive to Defendant's document requests have been identified and supplied to counsel for Rohm and Haas. The individual allocation of the identity of each of the more than one hundred thirty separate requests for documents is an ongoing process, as described above. There has been and will not be any prejudice to Defendant by virtue of Plaintiff's responses to document requests and the only reason for any delay whatsoever is the oppressive and burdensome nature of the requests themselves. Nevertheless, counsel for Plaintiff has committed to providing substantive responses to the extent possible and is in the process of providing the same. The critical factor, however, is that Plaintiff has, in fact, committed to providing the appropriate information and has made no attempt to subvert the discovery process.

    **C.**    **Interrogatories**

Although Defendant asserts that the interrogatory responses provided by Dr. Lin are full and complete to the extent required by the Federal Rules of Civil Procedure, it is clear that in a number of instances, Defendant has subsequently realized that the interrogatory did not request the information that Defendant wanted and has therefore sought to amend the interrogatory by an informal letter. Plaintiff's failure to respond to subsequent correspondence is not a violation of the discovery rules where Plaintiff has properly responded to the actual interrogatories.

The following comments address the interrogatories about which Rohm and Haas has raised specific concerns:

**Interrogatory Number 7**

Defendant's objection to Interrogatory Number 7 actually addresses a Request for Productions of Documents. Documents pertaining to Dr. Lin's legal costs in defending the Injunction Action have been produced.

**Interrogatory Number 8**

Interrogatory Number 8 solicits information concerning Plaintiff's loss of income and earning capacity. At the time the interrogatories were answered, the information was not specifically available. The response to Interrogatory Number 8 was entirely appropriate under the circumstances.

**Interrogatory Number 12**

Interrogatory Number 12 again is directed to document production. A copy of the relevant portions of Dr. Lin's journal has been supplied.

**Interrogatory Number 13**

Medical records have been supplied.

**Interrogatory Number 16**

Documents pertaining to Dr. Lin's activities in seeking employment have been supplied.

**Interrogatory Number 17**

Plaintiff's response to Interrogatory Number 17 was accurate as reported. It is not necessary that Plaintiff respond with the answer that Defendant wants. The response to the interrogatory is accurate and requires no further embellishment.

**Interrogatory Number 18**

Interrogatory Number 18 seeks the "Bates Stamped numbers of documents" produced in response to certain Requests for Production of Documents. That is exactly the process that is being undertaken to respond to the Request for Production of Documents. Interrogatory Number 18 is simply a redundant discovery request.

**Interrogatory Number 19**

Interrogatory Number 19 requests for the identification and information related to certain patent applications referenced in Plaintiff's Amended Complaint. In response, Plaintiff supplied the identification of sixteen separate patent applications. Plaintiff is at a loss to understand the nature of the objection to the response to Interrogatory Number 19.

**Interrogatory Number 20**

Plaintiff provided a substantive response to Interrogatory Number 20. Rohm and Haas now seeks a response to an inquiry made in a subsequent letter. The inquiry in the subsequent letter was not part of the interrogatory and the failure to respond to the subsequent letter is not a violation of the requirements of the rules of discovery.

**Interrogatory Number 21**

Interrogatory Number 21 seeks information that is peculiarly within the knowledge of Rohm and Haas. Dr. Lin does not know and cannot know the persons who made the ultimate decisions or who were involved in the decisions at Rohm and Haas. Rohm and Haas knows that information. Dr. Lin specifically identified presentations for which she requested approval and failed to receive required data or a timely response.

The persons at Rohm and Haas responsible for that conduct are known to Rohm and Haas.

**Interrogatory Number 23**

Plaintiff's response to Interrogatory Number 23 is true, correct and accurate as it stands. The interrogatory does not relate to EverNu Technology LLC, a corporate entity that is not a party to this litigation. Rohm and Haas' effort to amend its interrogatory by a subsequent letter does not mean that Dr. Lin was in violation of her obligations by accurately responding to the interrogatory as initially posed.

Dr. Lin has and continues to make a good faith effort to fulfill all of her obligations to respond to Rohm and Haas' extensive discovery requests. Where, as here, it is apparent that the Motion is simply a tactical effort to combat the Plaintiff's Motion to Compel, the same should be denied.

WHEREFORE, it is respectfully requested that Defendant's Motion to Compel be denied.

>
> Respectfully submitted,
> Leonard, Tillery & Sciolla, LLP
>
>
> By:_____
>       Hugh J. Hutchison

Date:_____