UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DR. MANHUA MANDY LIN,          :
                               :
              Plaintiff,       :
                               :
         v.                    :   CIVIL ACTION NO. 02-CV-3612
                               :
ROHM AND HAAS COMPANY,         :
                               :
              Defendant.       :

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO COMPEL

Defendant submits this short reply in support of its motion to compel and to correct inaccurate statements made in plaintiff's brief. During the June 5 conference call, the Court directed that discovery disputes be addressed by formal motion, and, therefore, defendant filed its motion to compel on June 9 because of plaintiff's non-responsiveness to much of defendant's written discovery. Given that plaintiff had not produced a document by June 9 or a response to a document request, had not produced any medical/psychiatric records by June 9 despite having such records for weeks, and had evasively and incompletely answered many of defendant's interrogatories, defendant filed its motion to compel as directed by the Court, not as some tactical maneuver as incredulously claimed by plaintiff.

Defendant presents the following points in reply to plaintiff's brief:

1.  The statement that "counsel for Dr. Lin sought to resolve this inherent deficiency" regarding defendant's document requests is wrong. Plaintiff's counsel has never offered any proposal to resolve this issue. Rather, in the May 8 conversation between counsel, defendant's counsel asked if plaintiff's counsel had any proposal or suggestions to make the

KRLSPHI:197463.1

discovery easier, and plaintiff's counsel answered that he had none and he never thereafter presented any proposal. In that same May 8 conversation, defendant's counsel stated that plaintiff could answer the document requests in blocks as to requests for which documents have been produced and requests for which documents have not been produced. With the exception of certain specific interrogatories (e.g., no. 18), defendant has not asked for specific Bate-stamped correlations for each of its requests (although if that has been done by plaintiff in whole or in part, defendant requests that the information be provided). Plaintiff has not provided to-date any written response (other than general objections) to defendant's document requests.

2. Plaintiff did not make any documents available for production until June 17, i.e., more than one week after defendant served its motion to compel.

3. While plaintiff's production on June 17 contained psychiatric records (which presumably are the entire set of medical/psychiatric records), the production showed that plaintiff had signed on March 25, 2003 an authorization for release of those records to her lawyer. Plaintiff has never offered an explanation for the undue delay in the production of the medical/psychiatric records, and for that reason as well as for the reasons presented in the motion to compel, the relief sought in the motion should be granted.

4. Plaintiff has still not produced requested documents. For example, in response to document requests and interrogatory no. 12, plaintiff is to produce her journal for January 1999 to present. In her brief (at p. 6), plaintiff represents that she has produced "relevant portions of [her] journal," but defendant cannot locate any such production, and the journal is not referenced in plaintiff's cover letter accompanying the document production. Moreover, plaintiff must be ordered to produce the entire journal (subject to any attorney-client privilege redaction or to a claim of confidential, proprietary business information unrelated to Rohm and Haas), not

her designation of "relevant portions." By letter dated June 18, 2003 to plaintiff's counsel (copy attached as Exhibit 1), defendant requested the journal be produced, and to-date, plaintiff has not responded to the letter.

5. Plaintiff's brief shows that she has still not fully or properly answered interrogatory nos. 8, 12, 16, 17, 18, 19, 20 or 21, and defendant refers to its principal brief for the specific information sought by those interrogatories. For example, given plaintiff's repeated Amended Complaint allegations that she has been harmed by Rohm and Haas before "potential future employers," defendant requested through interrogatory no. 17 an identification of those employers and identifying information about them. Plaintiff's answer of "all academic and commercial employers in plaintiff's field" is an evasive non-answer. Given plaintiff's persistence in not answering interrogatory no. 17 (plaintiff brief at p. 6), the Court should find that there are no specific potential future employers whom plaintiff can identify as it relates to her allegations in paragraphs 70K, 120 and 130 of the Amended Complaint. Plaintiff cannot make claims and then play games with discovery directly related to those claims. The Court should reach similar findings for this case as it pertains to plaintiff's other evasive or inadequate interrogatory answers.

6. While plaintiff technically answered interrogatory no. 23 (that is focused on grant monies) without reference to her company EverNu Technology LLC, plaintiff's counsel stated prior to the filing of the motion to compel that plaintiff would not provide discovery about EverNu Technology LLC sought in defendant's second set of document requests (attached to defendant's principal brief at Exhibit I), which is why the issue was raised in defendant's motion to compel. On June 16, 2003, plaintiff objected to the discovery on EverNu Technology LLC (copy of plaintiff's response attached at Exhibit 2). Plaintiff cannot use her company to shield

her from discovery obligations, and for reasons presented in defendant's principal brief, plaintiff should be ordered to produce the discovery.

Contrary to her brief, plaintiff has not complied with her discovery obligations, thereby necessitating the June 9 motion to compel. For any and all of the reasons presented in defendant's motion to compel and in this reply, the Court should grant the motion and provide the requested relief.

                Respectfully submitted,

*/s/ Raymond A. Kresge*
RAYMOND A. KRESGE
ANDREW J. ROLFES
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500
       and
CELIA JOSEPH
Rohm and Haas Company
100 Independence Mall West
Philadelphia, PA 19106-2399
(215) 592-3661

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2003, I caused to be served a true and correct copy of the foregoing Defendant's Reply Brief In Support Of Motion To Compel by U.S. Mail postage prepaid upon plaintiff's counsel:

> Hugh J. Hutchison, Esquire
> Leonard, Tillery & Sciolla, LLP
> 1515 Market Street
> Suite 1800
> Philadelphia, PA 19102

_____
RAYMOND A. KRESGE

KRLSPHI:197463.1