IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DR. MANHUA MANDY LIN,            :       CIVIL ACTION
                                 :
        Plaintiff,                :       02-CV-3612
                                 :
     v.                          :
                                 :
ROHM AND HAAS COMPANY,            :
                                 :
        Defendant.               :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                               **January    , 2004**

Before the Court is Defendant's Motion for Reconsideration or in the alternative, Renewed Motion for Summary Judgment. Because the Court did not decide the issue on the previous motion for summary judgment and because Plaintiff's responsive memorandum addresses the merits, we will decide the Motion on the merits. For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

## Factual Background

As the facts of this case were laid out in the Court's previous memorandum and order, we will not recite them here.

## Discussion

The anti-retaliation provisions of Title VII provide former employees with a legal recourse against post-employment

1

retaliation. Robinson v. Shell Oil Co., 519 U.S. 337, 346, 117 S.Ct. 843, 849, 136 L.Ed.2d 808 (1997). To sustain a claim for retaliation, a plaintiff must show that 1) she engaged in a protected employee activity; 2) the employer took an adverse employment action against her; and 3) a causal link exists between her protected activity and the employer's adverse action. Farrell v. Planters Lifesavers Company, 206 F.3d 271, 279 (3d Cir. 2000).[1]

The question now before the Court is whether the injunction action Defendant instituted against Plaintiff, its former employee, is an "adverse employment action" under Title VII.

In Robinson v. City of Pittsburgh, this Circuit held that the "adverse employment action" element of a prima facie case of retaliation must rise to the level of a violation of 42 U.S.C. § 2000e-2(a)(1) or (2). 120 F.3d 1286, 1301 (3d Cir. 1997). Thus, in order to be actionable under Title VII, allegedly retaliatory conduct, other than discharge or refusal to hire, must alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee. Id. at 1300. In a footnote, the Court explained that under its previous

---

[1] We analyze Plaintiff's Title VII and Pennsylvania Human Relations Act claims according to the same standards. See Grande v. State Farm Mut. Auto. Ins. Co., 83 F. Supp. 2d 559, 562 (E.D. Pa. 2000).

2

decisions, a former employee could meet the standard they announced by "showing that the retaliatory conduct was related to his or her future employment and was serious enough to materially alter his or her future employment prospects or conditions." Id. at 1301 fn.15

Applying this standard to the instant case, we find that plaintiff has failed to establish that she has suffered an "adverse employment action." Plaintiff contends that the state injunction suit is an "adverse employment action" because: 1) as a result of the demands placed on her by the state lawsuit, she was physically and mentally unable to pursue gainful employment; 2) Defendant's enforcement of the preliminary injunction order has prevented her from participating in a symposium and has otherwise rendered her unemployable; 3) through discovery Defendant has sought confidential information pertaining to Plaintiff's new employer, EverNu Technology, LLC.²

First, we summarily dismiss Plaintiff's contention that her subjective decision to abandon her job search efforts because of the demands of the state lawsuit demonstrates that the lawsuit is an "adverse employment action." Title VII proscribes retaliatory post-employment conduct that relates to an employment relationship, not "conduct in general which the former employee

---

² Plaintiff is the President and Principal Scientist of EverNu.

3

finds objectionable." Nelson, 51 F.3d 388. Plaintiff's personal mental and physical response to Defendant's initiation of the state lawsuit does not demonstrate the requisite relationship between the lawsuit and Plaintiff's future employment to establish the adverse employment element of a prima facie case for retaliation.

Next we turn to the preliminary injunction order. The preliminary injunction order entered by the Court of Common Pleas of Montgomery County required Plaintiff to return any documents or other materials containing Rohm and Haas trade secret information, enjoined Plaintiff from making use of any information that Defendant considers confidential or trade secret, provided Defendant with a right of approval over all of Plaintiff's scientific presentations and publications, and provided Defendant with a ninety (90) day period within which to conduct its trade secret review. Plaintiff contends that it is self-evident that no employer would consider hiring plaintiff in light of the preliminary injunction order. However, Plaintiff fails to identify a single employment opportunity that she was denied because of the injunction order, or the lawsuit in general. Courts have routinely required more substantial evidence of an impact on an employment relationship. See Nelson v. Upsala College, 51 F.3d 383, 389 (3d Cir.1995) (requirement that former employee of college obtain approval before entering

4

campus is not an adverse employment action because it had no impact on any employment relationship plaintiff had or may have in the future); Lamacchia v. Rumsfeld, 2002 WL 31513390 at *12 (E.D.Pa. October 29, 2002) (observing that the mere "fact that plaintiff received a negative performance appraisal alone is not enough to support a finding of an adverse employment action"); Jenkins v. Philadelphia Housing Authority, 2001 WL 1298988 at *5 (E.D.Pa. 2001) (observing that a written reprimand "does not meet the requirement for an adverse employment action without evidence of how such a reprimand effected a material change in the conditions of [plaintiff's] employment.  A presumed effect is not enough."); Elwell v. PP & L, 2001 WL 1529063 at *9 (E.D.Pa. 2001) ("the presumed or speculative effect of an evaluation, without a showing of actual harm, is insufficient to demonstrate an adverse employment action.").  The requirement of an actual impact also comports with this Circuit's direction in Robinson that in the context of former employees, an "adverse employment action" must *materially alter* the plaintiff's future employment prospects or conditions.  We therefore find that Plaintiff's speculation as to the effect of the preliminary injunction order on her future employment prospects is insufficient to establish the requisite nexus to an employment relationship.

   Plaintiff also argues that the injunction order precluded her from participating in a symposium.  The invitation to the

5

symposium had an eighty day deadline for submission of a manuscript that the Plaintiff could not meet due to the ninety day trade secret review period mandated by the injunction order. Plaintiff has provided no evidence to suggest that her inability to participate in this symposium has materially altered her future employment prospects or conditions. Any such conclusion would be mere speculation on the part of the Court.

Finally, Plaintiff contends that the state lawsuit is an "adverse employment action" because Defendant has made discovery requests for confidential and proprietary information of Plaintiff's new employer, EverNu. Plaintiff contends that submission of this information will require EverNu to terminate all of its business operations. As stated above, speculation as to the effect of an employer's allegedly retaliatory conduct on an employment relationship is insufficient to establish an "adverse employment action." Furthermore, Plaintiff and/or EverNu has resisted the discovery requests with a Motion for a Protective Order and a Motion to Quash. See Plf.'s Affidavit. We find that the discovery requests are insufficient to establish an "adverse employment action."

## Conclusion

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MANUAH MANDY LIN, | : | CIVIL ACTION |
| Plaintiff, | : | 02-3612 |
| v. | : | |
| ROHM AND HAAS COMPANY, | : | |
| Defendant. | : | |

### ORDER

AND NOW, this         day of January, 2004, upon consideration of Defendant's Motion for Reconsideration or in the alternative, Renewed Motion for Summary Judgment, for the reasons stated in the accompanying Memorandum, it is hereby ORDERED that Defendant's Motion for Summary Judgment is GRANTED, and Counts II and III of Plaintiff's Amended Complaint are DISMISSED with prejudice.

                                        BY THE COURT:


                                        _____
                                        J. CURTIS JOYNER, J.