IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MANUAH MANDY LIN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | 02-3612 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROHM AND HAAS COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this          day of May, 2004, upon consideration of the Plaintiff's Motion for Reconsideration (Document No. 52), Defendant's response thereto (Document No. 48), and Plaintiff's reply (Document No. 54), it is hereby ORDERED that Plaintiff's Motion is DENIED.[1]

---

[1]    District courts will grant reconsideration "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." Burger King Corp. v. New England Hood And Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022 (E.D.Pa. 2000). This Court has considered the arguments advanced by the Plaintiff in her motion for reconsideration, and we affirm our prior decision that Defendant's filing of a Complaint in Equity and a Petition for Preliminary Injunction in the Court of Common Pleas of Montgomery County does not constitute an "adverse employment action." The Plaintiff now largely predicates the "adverse employment action" prong of her retaliation claim on the discovery requests propounded on EverNu Technology, LLC, of which she is both President and principal scientist. Plaintiff argues that EverNu has not been able to pay her salary because of the legal fees it has incurred in an effort to protect its interests in the state court suit. This Court does not believe that Defendant's lawful use of the state judicial system and its discovery process can be the basis of Plaintiff's claim of unlawful retaliation under Title VII. Despite Plaintiff's attacks on the state court decisions, we will not lightly disregard the Court of Common Pleas' preliminary

```
                              BY THE COURT:


                              _____
                              J. CURTIS JOYNER, J.
```

---

injunction order of April 17, 2001 and its June 19, 2001 Opinion in Support of the Preliminary Injunction, which was affirmed by the Pennsylvania Superior Court on February 20, 2003.  Likewise, after a hearing on the matter, the state court denied EverNu's Motion to Quash Subpoena and for Protective Order.  We do not believe that discovery sanctioned by the state court can constitute an adverse employment action simply because the correlating legal fees have affected Plaintiff's salary.  Having considered Plaintiff's arguments, we reaffirm our prior decision granting summary judgment in favor of Defendant.